## William H. Easterly v. George D. Gater.

(Filed September 5, 1906.)·

1. **DAMAGES—Alienating Affections of Wife—Evidence.** Where a plaintiff offers a witness in his behalf and the defendant objects to her testifying on the ground that she is the wife of the plaintiff, it is not error for the court to admit in evidence a decree of divorce for the purpose of showing that the marital relations existing between them had been dissolved, and that she was a competent witness for plaintiff.

2. **MISCONDUCT OF ATTORNEYS AND JURORS—New Trial** A new trial will not be granted on the grounds of misconduct of an attorney or of jurors, unless the circumstances are such as to raise a reasonable suspicion that such misconduct improperly influenced the verdict.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before C. F. Irwin, Trial Judge.*

*W. S. Denton* and *R. L. Denton,* for plaintiff in error.

*Houston & Buckner,* for defendant in error.

Opinion of the court by

Burwell, J.:   George D. Gater sued William H. Easterly, in the district court of Garfield county for ten thousand dollars damages which the plaintiff alleged that he sustained by reason of the defendant having, on March the 20th, 1903, carnally known his wife, and alienated her affections from him.

Easterly filed a general denial, and also alleged the previous unchastity of Mrs. Gater, and that Gater and his wife

had conspired together for the purpose of extorting money from him.

On the trial judgment was rendered in favor of the plaintiff for fifteen hundred dollars, and the defendant has appealed to this court.

The plaintiff offered Mrs. Gater as a witness in his behalf, and the defendant objected to her testifying for the reason that she was the wife of the plaintiff. To overcome this objection the plaintiff then introduced in evidence a judgment of the court divorcing Gater and his wife, and dividing their community property. The admission of this decree of divorce is assigned as error. The contention is without merit. The only purpose in admitting the decree was to show that Mrs. Gater was not at the time she was offered as a witness, the wife of the plaintiff, and there was nothing in the decree which in any way connected the defendant's conduct, which was in controversy in this case, with the issues in the divorce case. She might have qualified herself by her own parol testimony; however, the other course was taken, and it was not error.

After the decree of the divorce was introduced Mrs. Gater was interrupted further, whereupon she stated that she had an attorney, and desired that he be present when she testified. After her attorney appeared the examination proceeded, and in several instances she claimed exemption from answering the question because the answers might tend to incriminate her, and she was not required to answer. No exceptions were taken to any of these questions or to the conduct of the witness. Finally the plaintiff's attorney in his closing argument stated to the jury, in substance, that

the refusal of Mrs. Gater to testify on the ground that her testimony might tend to incriminate her, was a strong circumstance proving adultery with the defendant. Counsel for the defendant saved exceptions to the remarks just referred to, and asked the court to instruct the attorney that the matter then being discussed was not a proper subject for argument before the jury.

The court did not comply with the request of counsel just at the time, but later called the jury's attention to these remarks in the following instruction:

"The fact that Mrs. Gater, a witness in this case, refused to testify, should in no way be taken into consideration by you. You are to be guided solely by the evidence permitted to go to you by the court, and determine the case upon such evidence."

The exact language used by the plaintiff's attorney is not presented by the record. The substances of his statement is set out in an affidavit of defendant's attorney. The court heard the remarks and had full opportunity to weigh their effect, so far as such matters can be determined by a trial judge.

The court, perhaps, should have instructed the jury and admonished counsel at the time, but the jury were instructed most positively before they retired, and were fully advised that the refusal of the witness, Mrs. Gater, to answer questions could not in any way be considered by them.

The record will not justify this court in concluding that the jury probably disregarded this instruction.

The last contention of the appellant is that some of the jurors one night, while the case was on trial, visited a saloon

and drank intoxicants and played cards, and that while in the saloon some one made the remark, "That man Easterly can not be stuck," and that the juror Simons replied, "That man Easterly will be stuck." Affidavits were filed in which the deponents verified the claims of the defendant as to the misconduct of these jurors. The plaintiff filed counter affidavits. A careful review of all of these affidavits convinces one that the remark attributed to the juror Simons, to the effect that "Easterly would be stuck." was never made by him or any other juror. But it is clear that the jurors drank some intoxicating liquors, but not to excess. None of them showed the effects of the liquor. Did this constitute such misconduct as will require the setting aside of their verdict? We think not. The jury had separated for the night. They were not in charge of a bailiff, although one was with them at the time.

In Mr. Thompson's work on Trials, vol. 2 sec. 2566, it is said:

"Some courts have held that the use of intoxicating liquors in quantities however small, without leave of court, will be good ground for setting aside the verdict, without inquiry as to what effect it had upon the jurors who drank it, and this rule has been applied in civil as well as criminal cases. But the courts generally have adopted the more reasonable rule, that the fact that members of a jury did during the trial of a cause, or while deliberating on their verdict, drink intoxicating liquors, will not be ground for a new trial, unless there is some reason to suppose that such liquors were drunk at such time, or in such quantities as to unfit them for the performance of their duties; or unless they were furnished by the party in whose favor the verdict was afterwards rendered; or at least, unless the circumstances

were such as to create a reasonable suspicion that the drinking may have improperly influenced the verdict."

It was an impropriety for the jurors to go into the saloon and drink under the circumstances of the case, but so far as the record discloses it did not in any way effect their capacity to serve and deliberate. Their conduct was not such as to warrant the granting of a new trial.

The judgment of the lower court is affirmed, at the cost of the appellant.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.