STATE OF WEST VIRGINIA *v.* W. W. STONESTREET

(No. 7295)

Submitted October 26, 1932. Decided November 1, 1932.

*Eugene H. Long* and *James G. Jeter, Jr.,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

W. W. Stonestreet was convicted of grand larceny and sentenced to one year in the state penitentiary.

Defendant and George C. Phillips induced Howe R. Knotts to become a member of a lodge, in the city of Grafton, of the order of Ancient Freemasons, and to pay to them the membership fee of $56.50, upon the representation of defendant (according to the testimony of Knotts and Phillips) that such membership would also admit him (Knotts) to lodges of the Ancient Free & Accepted Masons, ''Or any other Masonic lodge in the world.'' Dr. D. C. Peck, Grand Master in West Virginia of the order of Ancient Free & Accepted Masons, testified as a witness for the state that the two orders were unrelated, and that neither extended fraternal privileges to the members of the other. Defendant denied making the alleged representation, and contended that he explained to Knotts that the two organizations were separate and distinct.

Among the points of error assigned are (a) the refusal of the trial court, at the request of defendant, to ask the jurors on their *voir dire* if any one of them was a member of a Masonic order, and (b) the giving of instruction No. 1 for the state.

Under the rule prevailing in most jurisdictions, parties are entitled to question the jurors on their *voir dire* not only for the purpose of showing grounds for a challenge for cause, but also, within reasonable limits, to elicit such facts as will enable them to intelligently exercise their right of peremptory challenge. The nature and extent of the examination, however, should be left largely to the discretion of the trial court. 24 Cyc. 338; 16 R. C. L. 246. In *State* v. *Lohn,* 97 W. Va. 652, 125 S. E. 758, 760, where defendant charged that the Klu Klux Klan was interested in his prosecution, the court said: ''Another requisite of a fair trial is a fair jury. In order to secure a jury as free from bias and prejudice as may be humanly possible a juror may be questioned on his voir dire not only as to his personal bias and prejudice, but as to his connection or association with any person or agency prejudicial or unfriendly to the accused. Such interrogation may furnish information of value in striking the panel where it does not actually disqualify a juror.'' In *Knights*

v. *State,* 58 Neb. 225, (cited and approved in the *Lohn* case), it is stated : ''The spirit and policy of our laws recognize the right of a defendant in a criminal case to be informed in advance not only of the nature of the accusation, but also of the forces that are to be marshaled against him. In public prosecutions fairness is a cardinal virtue which the representatives of the state should not be permitted to ignore.''

As defendant in requesting the court to ask the jurors whether they were members of any Masonic order, stated that the prosecution was the result of hostility between local lodges of two Masonic orders, we are of opinion that it was error to refuse the request. He was entitled to know whether the jury included members of the rival order to intelligently exercise his right of peremptory challenge.

The instruction complained of told the jury that if they believed from the evidence defendant, in order to procure Knotts' membership in the Ancient Freemasons lodge, fraudulently represented to him that such membership would entitle him to visit lodges of another Masonic order, *or made any other false and fraudulent pretenses that were material,* and that the prosecuting witness parted with his money because of such false pretenses, then they should find defendant guilty as charged in the indictment. This instruction is erroneous, if for no other reason, because it authorizes the jury to convict the defendant upon false pretenses other than the alleged representation that membership in Ancient Freemasons would entitle the member to affiliate with other Masonic orders. There is no evidence of other false pretenses. We deem it unnecessary to discuss the other assignments of error.'

The judgment is reversed, verdict set aside, and a new trial awarded.

*Reversed and remanded.*