Ruth McCLAIN et al., Appellants,

v.

STAR CAB COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1961.

Joe G. Leibson, Leibson, Leibson & Leibson, Louisville, for appellants.

John L. Bennett, Louisville, for appellees.

CULLEN, Commissioner.

Alma Jewell, age 73, and her daughter Ruth McClain, age 49, were injured when the McClain automobile was struck from the rear by a taxicab operated by Leroy Spearman and owned by Star Cab Company. In their action for damages the jury awarded Mrs. Jewell $386.85 and Mrs. McClain $535.35. Motions of the two plaintiffs for a new trial were overruled and judgment was entered in accordance with the verdict. Appealing, the two women assert as their sole contention that they were entitled to a new trial on the ground of inadequacy of damages.

Mrs. Jewell's medical expenses were $186.85. Mrs. McClain's medical expenses were $285.35 and the uninsured portion of her car damage was $50. So, in substance, the jury awarded each woman the full amount of her special damages plus $200 for pain and suffering. The appellants maintain that the awards for pain and suffering are shockingly inadequate in relationship to the proof.

The main claims of the two plaintiffs were for pain and suffering arising out of the aggravation or lighting up of preexisting arthritic conditions. Mrs. Jewell admittedly had a preexisting arthritic condition in her back, and the testimony of her doctors was that the accident aggravated the condition and caused the continuing stiffness and pain of which she complained at the time of trial (some 13 months after the accident). The defense doctor found no evidence that the present condition of her back was due to trauma, but he conceded that the accident "could have activated the old arthritis" and he stated that she had "not reached her limit of improvement from that part of her disability which was due to the injury" in the accident. It was his opinion that normally she would have suffered some pain from the preexisting condition alone.

Mrs. McClain's chief complaint was of continuing pain and stiffness in her left wrist. Again, the question was one of aggravation of an admitted preexisting arthritic condition. The testimony of the respective medical witnesses was substantially the same as it was concerning Mrs. Jewell's condition. Although Mrs. McClain said she had not suffered any pain from her wrist prior to the accident, the defense doctor was of the opinion that her preexisting condition was such as would normally have caused some degree of pain.

The jury was not required to accept at face value the testimony of the two women that they had suffered no pain from arthritis prior to the accident, in view of the medical testimony that their conditions normally would have caused some pain. The jury could conclude that part of the pain of which the women complained after the accident was due to the accident and part to the preexisting arthritis. On such an issue as this, where the extent of pain being suffered is not capable of objective valuation, there really is no satisfactory standard by which to measure an award of damages.

While the awards here are stingy, they do not strike us as being so grossly inadequate as to have been rendered under the influence of passion or prejudice, which is the test by which we are governed.

The judgment is affirmed.