Gilbert CARVER and Ernest Williams, d/b/a Williams Drug Company, Appellant,

v.

James SPILLMAN and Tommy Jones, Appellee.

Court of Appeals of Kentucky.

March 24, 1967.

Rehearing Denied May 12, 1967.

E. R. Gregory, Bowling Green, for appellant.

Reginald L. Ayers, Bell, Orr & Reynolds, G. D. Milliken, Jr., Bowling Green, for appellee.

OSBORNE, Judge.

This is an action to recover for personal injuries arising out of an automobile collision which took place on February 24, 1964, in Bowling Green, Kentucky, at the intersection of Highway 31–W bypass and 15th street. The appellant, Gilbert Carver, was driving in a northerly direction on Highway 31–W. He was following immediately behind the automobile of James Spillman and was being followed by the automobile of Tommy Jones. The roadway was slightly inclined at the location of the accident but was straight. At the time of the accident it was daylight and the pavement was dry.

Each car, as it approached the intersection, was traveling at approximately 30 miles per hour. The collision occurred approximately 100 feet to the north of 15th street. The first car, operated by Spillman, came to a stop in the passing lane for the purpose of making a left turn into McDonald's Restaurant. The second car owned by the appellants, Williams Drug Company, and operated by the appellant Gilbert Carver, came to a stop five to eight feet behind the Spillman car. The third car, operated by Tommy Jones, hit the rear of the second car and knocked it into the front car. The appellant, Carver, driver of the second car, instituted suit against appellees Spillman and Jones, alleging negligence on the part of both of the other drivers. The trial court directed a verdict for the appellee, Spillman, and submitted the question of Jones' negligence to the jury. The jury returned a verdict for the appellant, Carver, awarding him $2035 for his medical bills and $1445.50 for loss of time from his employment, and $500 for his pain and suffering.

Appellants allege three grounds of error committed by the trial court. First, the court erred in directing a verdict for Spillman and refusing to direct a verdict for appellants. Second, the verdict of the jury failed to make an award for permanent disability and made a grossly inadequate award for pain and suffering. Third, the court erred in admitting improper evidence as to the injuries of the appellant, Gilbert Carver.

We are of the opinion that the court was right in directing the verdict for the appellee Spillman. Spillman brought his car to a complete stop and appellant, Carver, stopped in a proper manner, and without difficulty, behind him. He testified as follows:

"A. I was driving in the left lane headed north and Mr. Spillman were (sic) in front of me. I won't say how many feet but anyway he had his signal light on to show that he was going to stop. He come to a gradual stop and when I saw him stop why I come to a stop."

"Q. 42. Now, how did you bring your car to a stop, Gilbert?"

"A. Gradually as Mr. Spillman did. I saw his caution light on and he was making a left-hand turn."

"Q. 46. And how far was it from the Spillman car to your car at the time you came to a stop?"

"A. About seven or eight feet, something like that."

From the above, it is clear that appellee Spillman had nothing to do with the collision and therefore the verdict directed in his favor was proper. See *Illinois Central Railroad Co. v. Vincent*, Ky., 412 S.W.2d 874, decided by this court on March 17, 1967. Also, *Ellis v. McCubbins*, 312 Ky. 837, 229 S.W.2d 992.

The next ground for reversal alleged by appellant is the inadequacy of the verdict. The injuries in this case are those commonly referred to as whiplash injuries. It is true that $500 appears to be a rather small verdict for any injuries of significance, however, there is doubt in the case as to the seriousness of appellant's injuries. At the time of the accident, the patrolman, Mr. Claude N. Gray, was called to the scene and he stated upon examination that he could not observe any injuries to appellant. He testified that he asked appellant if he wanted to go to the hospital and that appellant replied that he did not.

Mrs. Edith Williams, wife of appellant Ernest Williams, for whom Carver worked, testified that when he was brought back to the drugstore he went home and did not go to the hospital. Appellant, himself admitted shortly after the accident he told appellee, Tommy Jones, he was not hurt. The accident took place on February 24, 1964. The appellant worked from April 13, to May 29, 1964, from seven o'clock in the morning until half past five in the evenings. He carried out his duties of delivering drugs, working at the soda fountain and mopping and cleaning as usual.

Following May 29, 1964, appellant did not again work until October 19, 1964, when he returned and worked until January 13, 1965. It is pointed out by appellees that the first time he quit work, after the accident, was shortly before he filed his suit in July of 1964 and that the second time that he quit work was shortly before the case was set for trial on February 12, 1965.

Dr. Martin Wilson, who was one of appellant's doctors, testified there were no broken bones and he could not eliminate arthritis as a cause of his trouble. Also, that as a doctor he must mainly rely upon what the patient tells him as to whether or not he is suffering pain. The appellant was examined by Dr. W. O. Carson, who is a qualified orthopedic surgeon. He testified the soreness should have gone out of appellant's back and neck and ordinarily the injuries which he had would heal within three weeks; that the only disability found was moderate arthritic degenerative changes in the lower back and these existed prior to the accident and were not a result of the accident. It further appears in the record at the time of the trial appellant came into court holding his head at a rather rakish angle to one side; and, that Dr. Carson testified he could find no explanation for appellant holding his head in this manner.

Other lay witnesses testified they had observed appellant since the date of the accident and he did not carry his head at this angle when they observed him.

■ From the foregoing, we believe the jury could well conclude from the testimony that appellant's injuries were slight or maybe superficial and could well have been of the opinion that $500 was adequate compensation. We are not prepared to say they were wrong. As to the appellant's next contention, that the court erred in admitting improper evidence, we have examined the evidence with care and even though it may have been incompetent, it was not in our opinion prejudicial.

The judgment is affirmed.

All concur.