**Ethel BAKER, Appellant,**

v.

**Earl Ray DAVIS et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1969.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

Clarence McCarroll, Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

DAVIS, Commissioner.

Ethel Baker obtained a judgment for $2,000 for personal injuries and medical expenses resulting from a motor-vehicle accident, and she appeals asserting that the verdict is so patently inadequate as to entitle her to a new trial. The appellees, of course, contend to the contrary but urge that they were entitled to a directed verdict anyway, so the issue of inadequate damages is moot.

The collision occurred as appellant was undertaking to pass a tractor-trailer proceeding in the same direction she was traveling. The evidence for appellant was that signals for a right-hand turn were given from the tractor-trailer, but the tractor-trailer was driven to the left in undertaking a left-hand turn just as appellant was in the process of passing it. The automobile which appellant was driving was owned by her employer and required repairs shown to total almost $1400. Appellant was taken to an Owensboro hospital and examined by a physician who advised her only that she was bruised. She left the hospital and drove a rented car to Bowling Green where she was attending duties incident to her work. The accident happened on May 25, but it was not until June 2 that appellant sought further medical advice by consulting a doctor in Knoxville, Tennessee, her home. It was learned that she had sustained fractures of the eighth and ninth ribs on the right side. A rib belt was prescribed for her; the doctor testified that the bones were never out of position and simply had "two little cracks" which healed normally.

Appellant presented medical bills totaling $959.75 and ascribed all of them to her injuries sustained in the accident. She said she lost about fourteen weeks from her work, including two weeks in which she was confined to a hospital for traction and therapy. It is noted that the Knoxville physician, to whom appellant returned on several occasions complaining of persistent pain in her back and neck, admitted her to a hospital on October 4 for the traction and therapy. The doctor estimated her physical impairment amounted to approximately 5–8% to the body as a whole and expressed the view that her injuries resulted from the accident. There was evidence that there was about 10% limitation of the normal range of motion in the neck, mid spine, and low spine, along with some arthritic process in her neck and back which the doctor described as normal for "any person at the age of 64."

Appellant reasons that in light of the extensive special expenses she incurred, along with the testimony concerning her pain and suffering, the verdict is so inadequate as to appear to have been given under the influence of passion and prejudice or in disregard of the evidence or instructions. CR 59.01(4). Countering this, the appellees contend that the evidence for appellant concerning her injuries was subject to the inference that she had exaggerated her account of pain and that she exhibited signs of hypochondria. Apellees call attention to Rhodes v. Young, Ky., 248 S.W.2d 416; Aker v. Smith, Ky., 290 S.W.2d 496; McClain v. Star Cab Company, Ky., 346 S.W.2d 539; Farrow v. Cundiff, Ky., 383 S.W.2d 119; Carver v. Spillman, Ky., 413 S.W.2d 888; and Ewing v. Moody, Ky., 421 S.W.2d 577, as instances of cases in which this court has declined to reverse for inadequacy of dam-

ages in personal-injury cases. Our review of the authorities cited, when compared with the record before us, leaves us unconvinced that the verdict was so inadequate as to appear to have been rendered under the influence of passion or prejudice, or in disregard of the evidence or instructions. The jury might well have awarded substantially more than it did had it been persuaded that appellant's account of her experiences following the accident was entirely accurate. On the other hand, appellant had the burden of persuading the jury to her point of view, and the evidence in her behalf, considered in light of all the circumstances, was not so great as to impel a jury finding fully supporting her theory of the case.

■ As indicative of the jury's disregard of the evidence and instructions and its prejudice against appellant, she points out that the jury made no award whatever for the property damage to her employer's automobile. Appellees answer this by suggesting that the jury really believed the accident was caused by appellant's negligence but made a sympathy award to her anyway. The impropriety of the jury's failure to make a finding for the employer in property damages is not before us on this appeal. We do not consider that this factor is dispositively persuasive for appellant's position.

■ In light of what we have said, it is unnecessary to consider appellee's contention that a directed verdict should have been given against appellant, so we do not pass upon that question, since no cross-appeal has been prosecuted.

The judgment is affirmed.

All concur.