**Eva M. MURRELL, Appellant,**

v.

**Flossie Darlene SPILLMAN et al., Appellees.**

Court of Appeals of Kentucky.

June 27, 1969.

Rudolph V. Binus, Louisville, for appellant.

Harold K. Huddleston, Elizabethtown, Joe H. Taylor, Louisville, for appellee.

PALMORE, Judge.

Appellant, Eva M. Murrell, was jolted and shaken up as a result of a slight collision between an automobile owned by Edward D. Donaldson and driven by Christine H. Donaldson, in which she was a passenger, and an automobile owned by George W. Spillman and driven by Flossie D. Spillman. She sued the Donaldsons and Spillmans and got a verdict for $2,000 against all defendants. She appeals from the judgment.

The four contended grounds for reversal, and our opinions with respect to each, are as follows:

■ 1. Pursuant to a ruling made in pretrial conference the court refused to allow appellant's counsel to put the following questions to the prospective jurors on voir dire:

"Have any of you ladies and gentlemen read any publications, in the way of articles in magazines, newspapers, or advertising matter, which purported to announce the fact that large jury verdicts affect each juror adversely financially?

"Do you believe what you have read in these articles?

"Do you believe that if the evidence warrants a substantial verdict to indemnify plaintiff that you may be reluctant to make such a verdict on the basis of feeling that your financial interest is involved?"

The transcript of the voir dire shows that the panel was thoroughly examined by counsel for all parties for the purpose of determining whether any of the prospective jurors had any reason that might prevent his rendering a fair trial.

In her brief appellant cites and quotes from numerous articles and advertisements in various magazines, newspapers and other publications over the past 20 years or so from which it appears that considerable efforts have been made by or in behalf of the insurance industry to educate or "propagandize" potential jurors against large verdicts in accident cases. This material does not persuade us to overrule or modify Farmer v. Pearl, Ky., 415 S.W.2d 358, 361 (1967), in which we held that the exclusion of this type of questioning lies within the discretion of the trial court.

■ 2. The accident happened on September 12, 1966, on U.S. Highway 31W between West Point and the foot of Muldraugh Hill. Appellant, an army widow, was enroute from Louisville to Fort Knox

to visit her fiance, who was in the hospital. The only immediate effect of the accident on appellant was a headache, and after the police had arrived and completed their investigation she went on to Fort Knox and visited her fiance. She consulted an attorney in Louisville on the following day, and he referred her to Dr. Arthur Aston, a chiropractor. She had never been to a chiropractor before. Dr. Aston treated her for about a week, during which time she developed pain in the back and legs, whereupon Dr. Aston sent her to Dr. Frank P. Strickler, a general surgeon with specialized orthopedic training. Dr. Strickler discovered that she was suffering a severe case of arthritis which probably had been "flared up" by the accident.

The information that appellant had been referred to Dr. Aston by her attorney was elicited on cross-examination over objection. She contends its admission in evidence was an error. We see nothing wrong with it and doubt that it could have been prejudicial.

■■ 3. During cross-examination appellant was asked if she was entitled as a veteran's widow to admission to the hospital at Fort Knox. The trial court overruled her objection to the question and refused to admonish the jury not to consider what entitlement she may have had to free hospital services. The argument that this was prejudicial error fails for at least two reasons. First, the question had already been asked and answered without objection 164 questions previous to the point at which the objection was raised. Secondly, the information was relevant to the question of why, if appellant was injured, she did not seek treatment when she was present at the military hospital shortly after the time of the accident. For what it was worth, the evidence was competent.

■ 4. The last contention is that the amount of the verdict was grossly inadequate. CR 59.01(4). As we have indicated, the accident in which appellant was involved was a minor one, a light collision, and

the trauma inflicted upon her consisted of a jolting or shaking up. We shall not undertake to discuss and analyze the evidence relating to her injury or injuries, because on the question of the adequacy of an award for personal injuries it is seldom that two cases are sufficiently alike for useful comparison, which means that each must be decided on its own facts anyway and thus has little value as a precedent. Suffice it to say that appellant had a history of back trouble and headaches dating from 1956, when she suffered a fall in Germany, and it is very nearly a matter of speculation to say how much or how little the accident in this case contributed to her ensuing difficulties and expenses. Cf. Carver v. Spillman, Ky., 413 S.W.2d 888, 890 (1967) ; Baker v. Davis, Ky., 438 S.W. 2d 542 (1969).

The judgment is affirmed.

All concur.