332 S.E.2d 646

**Jeffrey McCROSKEY**

**v.**

**Roger Melvin PROCTOR.**

**No. 16046.**

Supreme Court of Appeals of West Virginia.

July 10, 1985.

Benjamin N. Snyder, Clendenin, Scott S. Segal, Wood, Segal, Davis & Johnson, Charleston, for appellant.

Skeen & Skeen, John D. Hoffman and Larry L. Skeen, Ripley, for appellee.

PER CURIAM:

This is an appeal from a final order entered on June 15, 1983, in the Circuit Court of Roane County, upon a jury verdict finding the appellant (plaintiff below) and the appellee (defendant below) to be equally at fault in causing a collision between their respective motor vehicles.

The appellant assigns as error: (1) the refusal of the trial judge to ask certain questions during the *voir dire* of the jury venire, pertaining to the influence of advertising by insurance companies; and (2) the trial judge's rulings, sustaining objections to questions asked of the investigating officer, Trooper Frank Slone.

## I

The appellant contends that the trial court impermissibly restricted the scope of jury *voir dire* by refusing to ask the following questions:

1. Is there anyone on this jury panel who has ever read an add [sic] in a magazine or newspaper or seen advertisements on TV or heard them on the radio which suggest that large jury verdicts increase insurance premiums?

2. Is there anyone on this jury panel who believes that large jury verdicts in car accident cases would increase their insurance premiums?

3. Is there anyone on this jury panel who has ever read an add [sic] in a magazine or newspaper or seen advertisements on TV or heard them on radio which suggest that only the doctors and the lawyers for the Plaintiff receive any money from any jury verdict?

4. Is there anyone on this jury panel who believes that only the doctors and the lawyers for the Plaintiff receive any money from any jury verdict?

The appellant argues that the insurance industry in this country engages in advertising campaigns designed to influence the size of damage awards.

In the absence of a complete record, we can only speculate that the purpose of disallowing the questions was to prevent the issue of insurance from being impressed on the minds of the jurors.

■■ Mentioning of insurance to the jury generally is reversible error. *Leftwich v. Wesco Corp.*, 146 W.Va. 196, 119 S.E.2d 401, 412–13 (1961). An exception to the general rule may be made "where a reference to insurance is brought out for the purpose of showing bias on the part of a witness ..." *Leftwich, supra,* 146 W.Va. at 216, 119 S.E.2d at 413. Questions seeking to discover whether potential jurors are stockholders, employees, officers, or agents of an insurance company are not permitted unless counsel initially explains to the trial court the reasons necessitating the inquiry. *Adams v. Cline Ice Cream Co.*, 101 W.Va. 35, 131 S.E. 867 (1926); *Lynch v. Alderton,* 124 W.Va. 446, 20 S.E.2d 657 (1942).

The limited record we have before us does not show that any explanation or showing of possible prejudice was offered to the trial court. Jurisdictions which permit an inquiry into juror bias generated by insurance advertising require a proper showing, including an offer of recent advertisements. *Borkoski v. Yost*, 182 Mt. 28, 594 P.2d 688 (1979); *King v. Westlake,* 264 Ark. 555, 572 S.W.2d 841 (1978).

■■ In syllabus point 4 of *Henthorn v. Long,* 146 W.Va. 636, 122 S.E.2d 186 (1961), this Court held:

"Jurors may be questioned on their *voir dire* not only for the purpose of showing cause for a challenge, but also, within reasonable limits, to elicit such facts as enable the parties to exercise intelligently their right of peremptory challenge. The nature and extent of the examination, however, should be left largely to the discretion of the trial court." *State v. Stonestreet,* Point 1

Syllabus, 112 W.Va. 668 [166 S.E. 378 (1932)].

We find no abuse of discretion in the trial court's refusal to ask *voir dire* questions relating to insurance advertising.

## II

On April 12, 1981, at approximately 6:45 p.m. a 1979 Ford Bronco, driven by the appellant, and a 1980 Ford pickup truck, driven by the appellee, collided on Poca Road near Walton in Roane County.

We have been provided with a partial transcript of the trial, containing only the testimony of the investigating officer. Appellant's brief summarizes other testimony as follows:

The Plaintiff was called to the stand and testified as to the details of the accident the following: that he was driving towards Walton on Poca River Road on his side of the road when he observed Defendant's vehicle coming into a sharp curve at a rate of speed excessive for the road, and Defendant locked up his brakes and began sliding sideways, impacting Plaintiff's car while Plaintiff was off the road with the right-front tire, knocking Plaintiff over the hill causing Plaintiff's vehicle to roll over and end up close to the Poca River.

. . . .

The Defendant testified that when he first observed Plaintiff, Plaintiff was over the center line and travelling at a rate of speed between 25 and 35 mile per hour and that he put on his brakes, and the truck slid uncontrollably into Plaintiff's vehicle.

The appellee's brief does not challenge the substance of the foregoing summaries.

The appellant called the investigating officer, Trooper Frank Slone, as a witness. The trial judge, on appellant's motion, ruled, without objection, that Trooper Slone was qualified as an expert in accident investigation.

Trooper Slone prepared a diagram of the accident scene that was shown to the jury but not introduced into evidence. Slone testified that the paved roadway was 13

feet, 10 inches wide and that both vehicles left skid marks. In explaining his diagram to the jury, Slone testified as to the length of the skidmarks. Although he did not measure the lateral distance from the skid marks to either the mid-line or the outside edge of the roadway, Slone said that he saw no evidence that the appellant's vehicle was ever on the wrong side of the road. The diagram illustrated the orientation of the vehicles, as he found them, with respect to the sides of the road and in relation to a utility pole located near the southern edge of the roadway. Slone testified further that he observed no debris.

Slone was asked if he had an opinion, to a reasonable degree of scientific certainty, as to the point of impact, based on his view of the scene, the measurements of the skid marks, and the locations of the vehicles. The appellee made a general objection, which was sustained on the ground that the question lacked a factual foundation.

 In syl. pt. 5 of *Jordan v. Bero,* this Court held: "Whether a witness is qualified to state an opinion is a matter which rests within the sound discretion of the trial court and its ruling will not ordinarily be disturbed unless it clearly appears that its discretion has been abused."

 The trial court did not abuse its discretion in eclipsing opinion testimony as to the point of impact. It was undisputed that a collision occurred. However, in the absence of lateral measurements, which would indicate whether either vehicle, or both, was not in its proper lane, and in the absence of any debris on the highway, there were insufficient facts upon which to base an opinion. *See Jordan v. Bero, supra* 158 W.Va. at 38, 210 S.E.2d at 627. *See generally* Annot., 66 A.L.R.2d 1048.

The trial court did not err in sustaining appellee's general objections to two other questions asked of Trooper Slone. The witness was asked for his opinion as to whether a speed of 20 miles per hour or in excess of 20 miles per hour would be a safe driving speed on the curve near the accident scene. Objection was sustained on the ground, stated by the court, that this was a question for the jury. The court's ruling

was proper because expert opinion on the question of safe speed was unnecessary.

 " 'Expert opinion evidence concerning a matter as to which the jury are as competent to form an accurate opinion as the witness, is inadmissible.' Syllabus Point 7, *Lawrence Adm'r v. Hyde,* 77 W.Va. 639, 88 S.E. 45 (1916)." Syl. pt. 2, *State v. Mitter,* 168 W.Va. 531, 285 S.E.2d 376 (1981).

 The final question, to which an objection was made, was whether Trooper Slone issued a citation to either driver. The court sustained the objection on the ground that the answer would be irrelevant. We agree with this ruling and find that the officer was properly precluded from telling the jury whether he issued a citation. *Thornsbury v. Thornsbury,* 147 W.Va. 771, 785, 131 S.E.2d 713, 722 (1963); *Groves v. Compton,* 167 W.Va. 873, 280 S.E.2d 708, 710 (1981).

Accordingly, we affirm the judgment order of the Circuit Court of Roane County.

Affirmed.

NEELY and BROTHERTON, JJ., dissent and would reverse on the ground that there was a sufficient factual foundation for opinion testimony as to the point of impact.