395 S.E.2d 548

**Stella F. JONES, Appellant,**

v.

**Heber H. GARNES and Brenda K. Garnes, Appellees.**

**No. 19365.**

Supreme Court of Appeals of West Virginia.

July 20, 1990.

Jeffrey T. Jones, Hunt and Wilson, Charleston, for Stella F. Jones.

David Mohler, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Charleston, for Heber H. Garnes and Brenda K. Garnes.

PER CURIAM:

This case is before this Court pursuant to an appeal by Stella F. Jones, following a jury verdict in Kanawha County Circuit Court. The appellant was found by the jury to have been 60% negligent in an automobile accident she was involved in with the appellee, Brenda K. Garnes. The appellee was found to be 40% negligent. The appellant asserts on appeal that the trial court erred when it sustained objections made by appellee's counsel to the

investigating officer rendering an opinion as to who failed to yield the right of way in the accident. Error is also alleged to have occurred when the court excised portions of the officer's report of the accident. Lastly, the appellant asserts that error was committed when the court erroneously allowed the appellee's counsel to refer to an exhibit in his closing argument, when the court had previously held that such chart was not admissible. Based on the court's error in not permitting the opinion testimony of the investigating officer, we reverse this case and remand it for a new trial.

The accident at issue occurred on August 30, 1986. The appellant (and plaintiff below) was proceeding north on Route 21; the appellee (defendant below) had exited Interstate 77 and was pulling out onto Route 21 to head south when the vehicles collided. Kanawha County Sheriff's Deputy Michael Stiltner was called to the scene to investigate the accident. A civil action arising as a result of the accident was instituted on November 6, 1987.[1] The deputy was unavailable to testify at trial, but he testified pursuant to an evidentiary deposition. Objections were made by appellee's counsel during this deposition regarding the deputy giving an opinion as to which party failed to yield the right of way. The specific objection to this opinion testimony was grounded on the premise that it went to the "ultimate issue."

The trial took place on November 22 and 23, 1988, before the Honorable Herman G. Canady, Jr. At that time the court held an *in camera* hearing to rule on the objections made at the time of the deposition and to determine what portions of the deposition testimony should be excluded. The court informed the parties' counsel at this *in camera* hearing that there were only three areas on which he would allow the officer to testify: The point of impact, skidmarks, and speed of a vehicle. The court sustained the appellee's objection as to opinion

---

1. The appellant alleged in her complaint that the appellee negligently, carelessly and recklessly drove her vehicle off of exit I–77 onto West Virginia Route 21, without yielding or stopping, and collided with the vehicle being driven by petitioner, proximately causing permanent injuries and psychological injuries to the appellant. The appellant demanded judgment from the appellee and her husband, Heber H. Garnes, jointly and severally, in the amount of $100,000.00.

testimony on the issue of who failed to yield the right of way, agreeing with appellee's counsel that such testimony went to the ultimate issue.

■ Upon a review of the pertinent rules of evidence, we disagree with the court's ruling. West Virginia Rule of Evidence 704 provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." This rule is applicable both to lay and expert witnesses. Based on the clear import of this rule, a motion made solely on the basis that such testimony involves the ultimate issue is meritless. Instead, the point to focus on is whether an opinion is "otherwise admissible."

■ Since the testimony at issue was given by a witness who was determined by the court to be an expert, a review of the rules of evidence relating to expert witnesses is necessary in order to determine if the deputy's testimony comports with what the rules permit. In order to be admissible, an expert's testimony needs to have a factual basis, which may be derived from personal observation, as in the case before us. W.Va.R.Evid. 703.[2] Furthermore, W.Va.R.Evid. 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." *See* Syl. Pt. 3, *Ventura v. Winegardner*, 178 W.Va. 82, 357 S.E.2d 764 (1987). Actually, "[t]he key test is whether the witness has specialized knowledge that will assist the trier of fact." *Ventura*, 178 W.Va. at 86, 357 S.E.2d at 768.

■ Turning to the pertinent facts in this case, we find that the deputy did possess specialized knowledge which would have assisted the trier of fact. He had been employed as a deputy sheriff in Kanawha County since 1980 and had completed a three-month training course at the West Virginia State Police Academy in 1982. He testified that accident investigation was one of his duties and admitted that during his time on the force he had investigated several hundred to one thousand accidents. With regard to the accident between the petitioner and respondent, the deputy testified that upon arrival at the scene of the accident he secured the area, took statements from witnesses and measurements of the accident site, and determined that the appellee failed to yield the right of way.

■ In Syl. Pt. 5, *Jordan v. Bero*, 158 W.Va. 28, 210 S.E.2d 618 (1974), we stated that "[w]hether a witness is qualified to state an opinion is a matter which rests within the sound discretion of the trial court and its ruling will not ordinarily be disturbed unless it clearly appears that its discretion has been abused." We relied upon this law in *McCroskey v. Proctor*, 175 W.Va. 345, 332 S.E.2d 646 (1985). In *McCroskey*, we found that the trial court did not abuse its discretion by disallowing a police officer's opinion concerning the point of impact because he had insufficient facts upon which to base such an expert opinion.[3] 175 W.Va. at 348, 332 S.E.2d at 649–50. Furthermore, we held in Syl. Pt. 2, *State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574 (1983) (quoting *State v. Louk*, 171 W.Va. 639, 643, 301 S.E.2d 596, 599 (1983)) that " '[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' " However, in the instant case, the clear import of the rules of evidence indicates the officer should have been permitted to render the opinion in question.

---

**2.** "The facts or data in the particular case upon which an expert bases his opinion or inference may be those perceived by or made known to him at or before the hearing...." W.Va.R.Evid. 703.

**3.** This Court in that case seemed to focus on the fact that it was undisputed that a collision occurred. Because of the lack of debris on the highway and the fact that the officer had not taken lateral measurements which would indicate whether either vehicle was not in its proper lane, the court found that the officer had insufficient facts upon which to base an opinion on the point of impact.

The appellant also asserts that the court committed error when it excised the "contributing circumstances" portion of the accident report. This portion contained the deputy's determination that the appellee had failed to yield the right of way and had failed to maintain control of her vehicle. Although the appellant asserts that the court committed error by excising this portion, upon a review of the record it is apparent that appellant's counsel failed to object to the deletion of that section. The accident report was admitted pursuant to stipulation between counsel and the court, and the record is barren of any objection by petitioner's counsel to deletion of that portion of the report.

Finally, the appellant asserts that the court committed error when the appellee's counsel used a stopping distance chart in his closing argument, when the court had earlier informed him that such chart could not be admitted as evidence because a proper foundation had not been laid for it. The appellant also asserts that the failure to properly instruct the jury that the chart was not evidence clearly prejudiced her case. The appellee replies to such assertion with the view that any error which resulted from use of this chart was harmless. Upon a review of the record, we find that even though appellant's counsel moved to strike the reference to the chart, a request to the court for an instruction to disregard the reference was not requested. "A request that the court instruct the jury to disregard testimony or other evidence which has been improperly received or which has otherwise come to the attention of the jury should accompany the motion to strike the testimony or evidence." F. Cleckley, *Handbook on Evidence for West Virginia Lawyers* § 3.9(F) (2d ed. 1986). *See State v. Arnold,* 159 W.Va. 158, 219 S.E.2d 922 (1975), *overruled on other grounds, State v. Demastus,* 165 W.Va. 572, 270 S.E.2d 649 (1980).

Based on the court's abuse of discretion in refusing to allow the deputy to testify as to who failed to yield the right of way, we reverse this case and remand it for a new trial.

Reversed and remanded.