1999 OK 8

**Karen HARWICK and Wayne Harwick, Co-administrators of the Estate of Baby Boy Harwick, Deceased; Karen Harwick, Individually; Karen Harwick and Wayne Harwick, As Surviving Parents of Baby Boy Harwick, Deceased, Appellants,**

v.

**Bryan DYE, M.D.; Purcell Municipal Hospital, and Health Care Associates, Appellees.**

No. 87,687.

Supreme Court of Oklahoma.

Feb. 9, 1999.

Richard L. Denney, Lydia JoAnn Barrett, Denney & Barrett, P.C., Norman, Oklahoma, For Appellants.

Perry T. Marrs, Jr., Short Wiggins Margo & Adler, Oklahoma City, Oklahoma, For Appellee, Bryan Dye, M.D.

James W. Connor, Jr., Michael J. Heron, Travis Dunn, Johnson, Hanan & Connor, P.C., Oklahoma City, Oklahoma, For Appellee, Purcell Municipal Hospital.

## MEMORANDUM OPINION

HARGRAVE, V.C.J.

¶1 In a medical malpractice action, the jury returned a verdict for the defendants. Plaintiffs sought a new trial on numerous grounds, which the trial judge denied. Plaintiffs appealed the trial court's denial of their motion for new trial and the Court of Civil Appeals reversed on two grounds: 1) the trial court's refusal to permit questioning of potential jurors about tort reform and punitive damages, and 2) the trial court's refusal to permit cross examination of defendant's medical expert about his and defendant's both being insured by the Physicians Liability Insurance Company (PLICO). The plaintiffs had also argued that defendant counsel engaged in misconduct that denied them a fair trial. The Court of Appeals, without determining whether inappropriate conduct occurred, stated only that when the misconduct allegation was considered with the other errors, plaintiffs were denied a fair trial.

¶ 2 Because the Court of Civil Appeals' opinion is in conflict with our recent opinion in *Mills v. Grotheer*, 1998 OK 33, 957 P.2d 540, we granted certiorari. In the case at bar, the Court of Civil Appeals held that the trial court erred in refusing to allow defendant Dye's expert witness to be examined about his and the defendant's common membership in PLICO. There was no allegation of any involvement in PLICO other than that both were physicians insured by PLICO. The plaintiffs argued that PLICO-insured doctors in practical effect "own the company." In *Mills* we adopted the "connections" test by which a trial court must determine when an expert's connection to a defendant's insurer is probative enough to substantially outweigh the prejudice to defendant that results if the jury learns that defendant carries liability insurance. Under the connections test, a plaintiff must be able to establish that an expert has more connection to a defendant's insurer than that of policyholder, or in the case of a mutual insurance company, membership. 957 P.2d at 543. In other words, unless an expert witness for the defendant in a personal injury case has a substantial connection to the insurer which goes beyond that of mere policyholder, such examination should not be allowed. We held in *Mills* that the trial court did not abuse his discretion in refusing to allow plaintiff to examine defendant's expert witness about common membership of defendant and expert witness in PLICO. In the case at bar, because no connection other that of common policyholders is alleged, the connections test adopted in *Mills* has not been satisfied.

¶ 3 Plaintiffs also allege that the trial judge erred by not allowing them to conduct voir dire on the issues of punitive damages and tort reform, thereby thwarting their attempt to show bias or prejudice on the part of potential· jurors. The record presented for review does not reflect that plaintiffs requested voir dire on the issue of tort reform, or that the trial court refused to permit that line of questioning. Plaintiffs' brief states only that the trial court restricted their right to an adequate and thorough voir dire of the prospective jurors by not allowing them to inquire as to the potential jurors' "knowledge and feelings about punitive damages and tort reform." We are not directed to any part of the record showing a request by plaintiff and a refusal by the trial judge to permit plaintiff to question the jury about tort reform. We are not directed to any specific authority in support of the proposition that voir dire questioning about tort reform should be allowed.[1] More than general allegations must be made in order to support such contentions.

¶ 4 Plaintiffs also argue that they were not permitted to present their basis for punitive damages in their opening statements or in their case in chief or to voir dire on the issue of punitive damages. They point to media portrayal of "windfall" cases, such as the McDonald's coffee case, which when coupled with public sentiment regarding the tort system of recovery, "have left many with the belief, albeit wrong, that punitive damages

---

1. Our research indicates that states that have considered the propriety of allowing voir dire regarding "insurance crisis" or "tort reform" propaganda have come to various conclusions. The most often-cited case is *Borkoski v. Yost*, 182 Mont. 28, 594 P.2d 688 (1979), in which the court found that limited good-faith questioning as to the prejudicial effect of "insurance crisis" propaganda should be allowed where plaintiff's attorney had made a proper foundation of potential prejudice by showing that the insurance company involved in the case had been actively engaged in a national advertising campaign designed to prejudice potential jurors, which was contemporaneous in time to the drawing of the jury panel in the case. However, that court also determined that the error was harmless because the jury had entered a defense verdict and had not ever reached the question of damages, which was the target of the advertisements.

For other cases on the issue, see: *King v. Westlake*, 264 Ark. 555, 572 S.W.2d 841 (1978); *Russo v. Birrenkott*, 770 P.2d 1335 (Colo.App. 1988); *Kozlowski v. Rush*, 121 Idaho 825, 828 P.2d 854 (1992); *Murrell v. Spillman*, 442 S.W.2d 590 (Ky.1969); *Irish v. Gimbel*, 691 A.2d 664 (Me.1997); *Williams v. Mayor of Baltimore*, 98 Md.App. 209, 632 A.2d 505 (1993); *Leonard v. Parrish*, 420 N.W.2d 629 (Minn.App.1988); *Tighe v. Crosthwait*, 665 So.2d 1337 (Miss.1995); *Butcher v. Main*, 426 S.W.2d 356 (Mo.1968); *Sutherlin v. Fenenga*, 111 N.M. 767, 810 P.2d 353 (App.1991); *Maness v. Bullins*, 19 N.C.App. 386, 198 S.E.2d 752 (1973); *Johnson v. Hansen*, 237

are out of control and make no economic sense." This, they argue, has only served to further increase and solidify those biases and prejudices that the general public has against lawyers, and "destroys our American Justice System." Accordingly, they say, voir dire in the area of punitive damages "should be more than a mere generic inquiry of the prospective jurors made in passing because voir dire is intended to reveal biases and prejudices of any prospective jurors." Plaintiffs have cited no authority specifically on the issue of whether voir dire on punitive damages should be allowed, but rather argue generally that plaintiffs should be accorded a wide latitude in their search to pinpoint bias and prejudice on the part of potential jurors. In the case at bar, whether to permit such questioning was within the discretion of the trial judge and absent an abuse of discretion, the decision will not be overturned.

■ ¶ 5 The defendants sought a motion *in limine* that plaintiffs not be permitted to mention punitive damages until the trial judge had made a determination, based on the evidence, that punitive damages were appropriate in the case. They argued that allowing mention of punitive damages prior to that time would be extremely prejudicial to the defendants. The defendant Purcell Municipal Hospital claimed protection from punitive damages under the Governmental Tort Claims Act. The trial judge granted the motion *in limine* and, at the conclusion of the evidence, found that punitive damages were not warranted in the case. A claim for punitive damages is incidental to a claim for actual damages and cannot be award unless there are actual damages. *State ex rel. Southwestern Bell Telephone Co. v. Brown,* 519 P.2d 491 (Okla.1974). In the case at bar, the jury found no negligence on the part of defendants. The jury awarded no actual damages and so did not reach the question of punitive damages. The trial judge's ruling was within her sound discretion and the trial judge did not abuse her discretion in so

ruling. *Rogers v. Citizens National Bank in Okmulgee,* 373 P.2d 256 (Okla.1962).

■ ¶ 6 Plaintiffs make a final argument concerning improper conduct of defense counsel. Plaintiffs argue that conduct of defense counsel was prejudicial to their case. The trial judge, in ruling on the misconduct allegations in plaintiffs' motion for new trial, specifically stated that the incidents occurred *while the jury was in recess* and found no jury prejudice resulting from such conduct. In order for misconduct to warrant consideration as to its prejudicial effect on the jury, it must have occurred in front of the jury. We have held that abusive language and derogatory remarks *made within hearing distance of jurors* justified a new trial. *Davis v. Sams,* 542 P.2d 943 (Okla.1975).

■ ¶ 7 In *Sams* we said that where an attorney attacked opposing counsel in the presence of the jury, it constituted grounds for a new trial if it appeared that prejudice may have resulted. We said there that the test is not necessarily that the conduct complained of had a prejudicial effect upon the jury, but that it *might have done so.* Where improper statements were made by attorneys in the presence of the trial court and the jury, and the case was a close one, the trial court did not abuse its discretion in granting plaintiff a new trial after a jury verdict for the defendant. *Cosden Pipe Line Co. v. Lewis,* 190 Okla. 523, 125 P.2d 969 (1942). Whether to grant a new trial based on misconduct is within the discretion of the trial court and unless the conduct was in front of the jury *and* carried the probability that they were improperly influenced, the trial court's ruling will be upheld. It has also been stated that a new trial will not be granted for attorney misconduct unless the circumstances raise a reasonable suspicion that such misconduct improperly influence the verdict. *Easterly v. Gater,* 17 Okla. 93, 87 P. 853 (1906). Misconduct of counsel must be shown to have substantially prejudiced the jury, to the material detriment of

Or. 1, 389 P.2d 330 (1964); *Babcock v. Northwest Memorial Hospital,* 767 S.W.2d 705 (Tex.1989); *Doe v. Hafen,* 772 P.2d 456 (Utah App.1989), *cert. den.,* 800 P.2d 1105 (Utah 1990); *Speet v. Bacaj,* 237 Va. 290, 377 S.E.2d 397 (1989); *McCroskey v. Proctor,* 175 W.Va. 345, 332 S.E.2d 646 (1985); *and Wardell v. McMillan,* 844 P.2d 1052 (Wyo. 1992).

the complaining party. *Clark v. Bearden,* 903 P.2d 309 (Okla.1995) reh. den.

¶ 8   In the case at bar, the trial judge recognized that the case had been hard-fought and that it was close question as to whether a new trial may have been warranted. The trial judge concluded, however, that the trial had been fair. Nothing offered by the appellants has persuaded this Court that the trial judge erred as a matter of law in failing to grant plaintiffs a new trial. The Court of Appeals correctly decided the remainder of the issues in the case and we accordingly vacate the opinion of the Court of Civil Appeals only insofar as it is in conflict with this opinion.

CERTIORARI PREVIOUSLY GRANTED; THE OPINION OF COURT OF CIVIL APPEALS IS VACATED INSOFAR AS IT IS IN CONFLICT WITH THIS OPINION; TRIAL COURT AFFIRMED.

¶ 9   CONCUR: SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, OPALA, JJ.

¶ 10   CONCURS BY STARE DECISIS: KAUGER, J.

¶ 11   CONCURS IN PART; DISSENTS IN PART: WILSON, J.

¶ 12   DISSENTS: WATT, J.

¶ 13   NOT VOTING: HODGES, J.

¶ 14   ABSENT: SIMMS, J.