## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Brent O. Sparks and Sylvia Michelle Sparks,**
**Plaintiffs Below, Petitioners**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0667** (Nicholas County 10-C-141)

**Jayson P. Groves,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioners Brent O. Sparks and Sylvia Michelle Sparks, by counsel Timothy R. Ruckman and Stephen O. Callaghan, appeal the Circuit Court of Nicholas County's "Order Denying Plaintiff's Motion for New Trial" entered on May 4, 2012. Respondent Jayson P. Groves, by counsel David A. Mohler and Greg S. Foster, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a motor vehicle accident that occurred on October 23, 2009, on Hominy Falls Road in Nicholas County, West Virginia. The accident occurred at approximately 9:20 p.m. during rainy conditions. Hominy Falls Road is a rural road with no lighting and a posted speed limit of thirty-five miles per hour.

Respondent was operating a pickup truck at the time of the accident. As he rounded a sharp right turn on Hominy Falls Road driving within the speed limit, he saw the headlights of a vehicle operated by Sidney Mullins in the opposite lane facing him. Mr. Mullins' vehicle was at a stand-still approximately 200-300 feet ahead. Petitioner Brent O. Sparks ("Mr. Sparks") was operating a home-constructed dune buggy, heading in the same direction as respondent. Mr. Sparks had stopped his dune buggy in the road and was talking with Mr. Mullins. Mr. Sparks' dune buggy had no visible illuminated rear lights. Respondent did not see Mr. Sparks' dune buggy until he was approximately fifteen to twenty feet away. Respondent slammed on the brakes, but could not stop his pickup truck, and he collided with the back of Mr. Sparks' dune buggy. Mr. Sparks suffered injuries in the accident.

According to the testimony at trial, after the accident, Mr. Sparks told respondent that he had been drinking beer that night. Nicholas County Deputy Sheriff Justin Caprio arrived at the scene and concluded that respondent was not at fault in the accident. Officer Caprio concluded

that the accident was caused by Mr. Sparks stopping in the middle of the road, at night, while driving an "illegal" vehicle that was not equipped with proper brake lights or tail lights. Officer Caprio also noted the smell of alcohol on Mr. Spark's breath, but did not charge Mr. Sparks with driving under the influence.

Mr. Sparks and his wife, Petitioner Sylvia Michelle Sparks, filed a civil action against respondent as a result of the accident. Mr. Sparks alleged serious and permanent injuries to his body and mind, including cuts, lacerations, a concussion and a broken neck; pain and suffering, emotional upset and mental anguish; and medical expenses, lost wages, and other special damages totaling over $104,000. Mrs. Sparks alleged the loss of services, society and consortium of her husband.

The case proceeded to a two-day jury trial. The jury found in favor of respondent, determining that Mr. Sparks was eighty-five percent at fault in the accident. The circuit court denied petitioners' motion for new trial by order entered on May 4, 2012. From this order, petitioners appeal to this Court.

Petitioners raise five assignments of error. First, they argue that Officer Caprio should not have been permitted to testify that Mr. Sparks was at fault in the accident, in part, because he was operating an unregistered "illegal" vehicle.[1] Initially, we note that the court's pre-trial ruling did not expressly authorize Officer Caprio to offer his opinion as to the cause of the accident. Rather, the court merely permitted his opinion if it was determined at trial that he qualified as an expert. The court's ruling still required that a foundation be laid for Officer Caprio to be qualified as an expert, and we note that petitioners failed to object to this foundation testimony at trial. Moreover, the specific testimony about which petitioners complain – that Mr. Sparks' dune buggy should not have been on the road – was elicited by petitioners' counsel. "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W.Va. Dep't of Commerce,* 197 W.Va. 318, 475 S.E.2d 410 (1996).

Nevertheless, we find that Officer Caprio was properly qualified as an expert. We have held that an officer, who is qualified as an expert, may render an opinion as to who was at fault in the accident. *Jones v. Garnes,* 183 W.Va. 304, 395 S.E.2d 548 (1990). With regard to determining whether a witness is an expert, we have held as follows:

---

[1]On February 7, 2012, the court entered its "Order on Motions in Limine and Classification of Brent Sparks' 'Dune Buggy,'" in which the court denied petitioners' motion to preclude Officer Caprio's testimony regarding the cause of the accident. Petitioners asserted that Officer Caprio should not qualify as an expert because he had only two years of experience as a deputy sheriff and did no accident reconstruction in this case. The court also ruled that Mr. Sparks' dune buggy did not meet the definition of an "all-terrain vehicle" or "ATV." The import of this ruling is that Mr. Sparks' dune buggy was classified as a "motor vehicle," and therefore, subject to Chapter 17A of the West Virginia Code (requiring title and registration) and Chapter 17C of the West Virginia Code (requiring taillights, headlights, and parking lights, as well as laws governing motor vehicles stopped on roadways). The classification of Mr. Sparks' dune buggy is the subject of petitioners' second assignment of error.

In determining who is an expert, a circuit court should conduct a two-step inquiry. First, a circuit court must determine whether the proposed expert (a) meets the minimal educational or experiential qualifications (b) in a field that is relevant to the subject under investigation (c) which will assist the trier of fact. Second, a circuit court must determine that the expert's area of expertise covers the particular opinion as to which the expert seeks to testify. Syllabus Point 5, *Gentry v. Magnum,* 195 W.Va. 512, 466 S.E.2d 171 (1995).

Syl. Pt. 1, *San Francisco v. Wendy's Int'l, Inc.,* 221 W.Va. 734, 656 S.E.2d 485 (2007).

Officer Caprio was the officer who investigated the accident. He arrived at the scene within twenty minutes of the accident, inspected the vehicles and the site, interviewed respondent, took measurements, and prepared a report. According to his testimony, his conclusion as to fault was based on his investigation, personal observation, and knowledge of traffic laws of this State. Contrary to petitioners' assertion, the record shows that Officer Caprio's opinion was based on more than just the fact that Mr. Sparks' dune buggy was not registered with the Division of Motor Vehicles. Officer Caprio based his opinion on the fact that Mr. Sparks was stopped in the middle of an unlit road, on a rainy night, while driving a vehicle with no visible taillights or brake lights. We find no error by the circuit court in allowing Officer Caprio's opinion testimony.

Second, petitioners argue that the court erred in determining that the dune buggy was not an "all-terrain" vehicle or an "ATV." At the time of the accident, an "ATV" was defined as:

any motor vehicle, fifty-two inches or less in width, having an unladen weight of eight hundred pounds or less, traveling on three or more low pressure tires *with a seat designed to be straddled by the rider*, designed capable of travel over unimproved terrain.

W.Va. Code § 17F-1-9 (2004) (emphasis added).[2] An "ATV" is similarly defined in West Virginia Code § 17A-1-1(z)(ii) (2004) as "any motor vehicle designed for off-highway use having a seat or saddle designed to be straddled by the operator *and handlebars for steering control.*" (emphasis added).

The evidence established that Mr. Sparks' dune buggy had a bench seat and a steering wheel. Therefore, Mr. Sparks' dune buggy is clearly not an "ATV" as defined by the Code. The circuit court did not err in concluding that the dune buggy was not an "ATV." Consequently, Mr. Sparks' dune buggy is subject to the requirements for taillights, head lights and parking lights set forth in Chapter 17C of the Code and the title and registration requirements set forth in Chapter 17A of the Code.

---

[2]This definition was amended in 2010, but the dune buggy still does not come within the amended definition for the same reasons stated in this decision.

Third, petitioners argue that the circuit court should have precluded Officer Caprio's testimony that he suspected Mr. Sparks had consumed alcohol before the accident. Petitioners assert that the prejudice of this testimony outweighed its probative value and should not have been allowed. We disagree. Rule 701 of the West Virginia Rules of Evidence provides that a witness can testify in the form of opinions or inferences "which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Officer Caprio personally observed Mr. Sparks and can testify to his opinion as to whether Mr. Sparks consumed alcohol. Regardless, both Mr. and Mrs. Sparks testified that Mr. Sparks consumed alcohol on the evening of the accident. Therefore, while we find no error in the admission of Officer Caprio's testimony in this regard, any potential error would be harmless.

Fourth, petitioners argue that defense counsel should not have been permitted to cross-examine Mr. Sparks regarding a cooler that was found at the scene that defense counsel represented contained sixteen beers. Rule 611(b)(1) of the West Virginia Rules of Evidence provides that "[A] party may be cross-examined on any matter relevant to any issue in the case, including credibility." This Court has held:

> The extent of the cross-examination of a witness is a matter within the sound discretion of the trial court; and in the exercise of such discretion, in excluding or permitting questions on cross-examination, its action is not reviewable except in case of manifest abuse or injustice. Syllabus Point 4, *State v. Carduff,* 142 W.Va. 18, 93 S.E.2d 502 (1956).

Syl. Pt. 6, *Jackson v. State Farm Mut. Auto Ins. Co.,* 215 W.Va. 634, 600 S.E.2d 346 (2004).

As mentioned above, Officer Caprio testified that he suspected Mr. Sparks had consumed alcohol the night of the accident. Both Mr. and Mrs. Sparks testified that Mr. Sparks consumed alcohol that night, and that Mr. Sparks usually drinks Bud Light. The record reflects that the cooler was allegedly found at the scene of the accident and contained sixteen Bud Light beers with a "born on" (presumably "bottled") date of September 2009. Given that Mr. Sparks' consumption of alcohol and whether it was a factor in the accident was an issue in the case, it was permissible for the circuit court to allow defense counsel to cross-examine Mr. Sparks as to whether the cooler and beers belonged to him.[3]

Petitioners' final assignment of error is that the court erred in excluding their expert's testimony regarding (1) testing he performed on lights similar to those on Mr. Sparks' dune buggy, and (2) a video simulation of the accident. The record shows that this testing and computer simulation were not discussed in the expert's report that was disclosed to respondent in advance of trial. The testing and simulation were both mentioned for the first time during the direct examination of petitioners' expert, preventing any opportunity for respondent to consult with an expert to rebut the evidence. "[O]ne of the purposes of the discovery process under our Rules of Civil Procedure is to eliminate surprise. Trial by ambush is not contemplated by the

---

[3]We note that neither the cooler nor the beers inside were admitted into evidence. We also note that Mr. Sparks denied that the cooler belonged to him.

4

Rules of Civil Procedure." *Graham v. Wallace,* 214 W.Va. 178, 184, 588 S.E.2d 167, 173 (2003) (quoting *McDougal v. McCammon,* 193 W.Va. 229, 236-37, 455 S.E.2d 788, 795-96 (1995)). The circuit court permitted petitioners' expert to testify regarding all matters that were properly disclosed. We see no error in precluding the expert's testimony regarding matters brought up for the first time at trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II