Stephen H. BEYER, Plaintiff in Error,

v.

Mabel Josephene BEYER, Defendant in Error.

No. 40447.

Supreme Court of Oklahoma.

March 24, 1964.

Harley E. Venters, Oklahoma City, for plaintiff in error.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error filed a petition seeking to vacate a decree previously entered in a certain cause. The original action had been brought by defendant in error (wife) against plaintiff in error (husband). Our continued reference to the parties is as they appeared in the trial court.

In his "Petition to Vacate Judgment" filed on August 21, 1962, defendant alleged that on March 14, 1962, plaintiff obtained a decree of divorce (under her amended petition for divorce filed on January 16, 1962), on the grounds of incompatibility; that plaintiff was awarded certain property "based on a purported agreement of the parties"; that plaintiff was to get all the jointly owned property except a 1959 automobile, certain working tools and equipment of defendant, and a few miscellaneous household items; and that defendant was

required to pay all outstanding debts and obligations of the parties. Defendant further alleged that said judgment "was obtained by fraud, in this, to-wit: The defendant did not enter into an agreement with the plaintiff for the settlement of their property rights, as set forth in the decree, nor did he authorize his attorney to enter into the agreement set forth"; that "he had no notice of the hearing on the divorce, or an opportunity to be heard"; that he did not know for several weeks after March 14, 1962, that the divorce decree had been entered; that "he has a good and valid defense to plaintiff's petition as more fully set out in his answer attached hereto and made a part hereof". Such an answer on the merits of the divorce action was attached to the petition to vacate the divorce decree.

After a full and complete hearing on October 22, 1962, the trial court found that "the allegations of defendant's petition are not supported by the evidence" and rendered judgment for plaintiff. From such judgment and the overruling of his motion for a new trial, defendant appeals.

For reversal defendant advances three propositions. The first is that "The Court erred in refusing to allow defendant to show why he would not voluntarily agree to a property settlement that would completely strip him of practically all of his property."

Defendant states that "It is elementary law that the defendant when he filed the petition to vacate judgment, took upon himself the burden of proving that the judgment should be vacated" and "It is equally well settled law that the petition to vacate or modify a judgment is discretionary with the trial judge and unless there is a violation of discretion, the order of the trial court will not be set aside."

Defendant contends that "By refusing to allow defendant to explain why he would not voluntarily agree, or that many equitable and economic factors would prevent his agreeing, to the purported settlement, the trial judge abused his discretion."

Objections to questions concerning when, how and what properties the parties acquired and the value thereof were apparently sustained for the reason that the trial court considered that such didn't relate to the alleged fraud. Plaintiff made no offer of proof of the excluded evidence. In the case of Barbe v. Barbe, Okl., 378 P.2d 314, 317, is the following language:

"Plaintiff failed to make a tender of proof as to the evidence which would have been adduced had the court permitted the witnesses to answer the questions. In brief, plaintiff in effect urges us to assume that the answers would have been favorable to him. It is not our privilege to so assume. In Hudson et al. v. Blanchard, Okl., 294 P.2d 554, 561, this was said:

"'* * * In Taylor v. Davis, 199 Okl. 260, 185 P.2d 444, paragraph 2 of the syllabus states:

"'"As a general rule, the exclusion of evidence in the trial court will not be reviewed on appeal unless a proper offer of the excluded evidence is made and included in the record."

"'See also 4 C.J.S., Appeal and Error § 291b, and cases collected in the foot notes.'"

In the first paragraph of the syllabus in the case of Rivers v. Parker, Okl., 382 P.2d 16, we held:

"In an action tried to the court without the intervention of a jury the admission or exclusion of evidence rests largely in the sound legal discretion of the court and in the absence of a showing that such discretion has been abused and the party complaining has sustained substantial prejudice the ruling of the trial court thereon will not be disturbed."

The answers to questions to which objections were sustained could have pertained only indirectly to the issue of fraud. We find no abuse of discretion by the trial court in the sustaining of objections thereto.

Defendant's "Proposition II" is as follows: "The court erred in refusing to grant defendant's petition to vacate judgment because defendant's original attorney did not offer into evidence any written evidence of his authority to bind defendant in a property settlement involving real estate". In connection with this proposition, we are also considering defendant's third proposition which is: "The court erred in overruling, or denying, defendant's petition to vacate judgment because there was not sufficient evidence shown by defendant's attorney that he had the authority to bind defendant to the purported property settlement". Under these two propositions defendant argues the alleged fraud of defendant's original attorney, Mr. B., in consummating a settlement agreement with plaintiff. Defendant does not contend in his "Petition to Vacate Judgment", or in any proof offered at the October 22, 1962, hearing or in his brief that plaintiff or her counsel was in any manner connected with or a part of such alleged fraud.

■ Title 12 O.S.1961 § 1031, in pertinent part, provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * *

"Fourth. For fraud, *practiced by the successful party*, in obtaining the judgment or order." (Emphasis ours.)

Under the circumstances of this case and in view of the absence of any allegation or proof of fraud on the part of plaintiff or her counsel, we hold the trial court did not err in determining that the defendant was not entitled to have the judgment rendered on March 14, 1962, set aside on the grounds of fraud. Although contradicted by defendant and his son in some respects, the evidence of defendant's former attorney, an associate of such attorney, plaintiff, her attorney and her sister and letters written back and forth between counsel and the parties and the conduct of the parties appeared to the trial court to warrant denial of the petition to vacate. The court overruled such petition and then succinctly observed, "I don't think there is a question in the world about this matter."

That ruling and finding of the trial court is not against the weight of the evidence.

In the case of Blagg v. Rutledge, 207 Okl. 559, 251 P.2d 196, in the second paragraph of the syllabus we held:

"It is for the trial court in an action of purely equitable cognizance to determine the credibility of the witnesses and the weight and value to be given their testimony * * *, and reject positive testimony on the same point on the other side, and if the evidence reasonably tends to support the findings of the trial court, the judgment will not be disturbed on appeal."

Affirmed.