**Johnny B. SWYDEN, Appellee,**

v.

**Edna Lea KILLIAM, Appellant.**

**No. 46310.**

Supreme Court of Oklahoma.

Feb. 4, 1975.

George D. Davis and Kenneth R. Webster of McKinney, Stringer & Webster, Oklahoma City, for appellee.

Richard A. Procter of Procter, West & Speck, Oklahoma City, for appellant.

DOOLIN, Justice.

The trial court in this case admitted certain hospital records into evidence over Defendant's objections, after same had been identified by Plaintiff's (Appellee's) doctor. Thereafter the Defendant's (Appellant's) doctor, likewise an expert, was cross-examined, sometimes directly from the hospital records.

Two questions are immediately presented for decision:

1. Were the hospital records correctly admitted into evidence?

2. Was the cross-examination of Defendant doctor proper under the circumstances?

The pertinent facts revealed by the record are that Plaintiff suffered from a congenital condition described as spondylolisthesis, a defect occurring at any level of

the back affecting the supportive system of the spine and involving the pedicles. When the latter do not consist of bony tissue, but are ligamentous in nature, the condition is said to exist.

The facts and circumstances of the accident are not seriously questioned; the record reveals that Defendant made a sudden turn from the outside lane into the inner lane of traffic and struck the automobile of Plaintiff; both vehicles were traveling in the same direction.

█ Plaintiff produced evidence of permanent disability, pain and suffering, as well as medical expenses and loss of wages —the usual elements of damages. He argues that the accident and resulting trauma caused the injury and aggravated a pre-existing condition (spondylolisthesis). In making proof of his cause of action, medical services rendered, and the necessity thereof, the hospital records were admitted into evidence over Defendant's objections that those parts not put into same by Plaintiff's doctor or at his directions were hearsay, particularly laboratory reports and surgical notes.

We believe the hospital records were properly admitted and may be considered by the jury in their entirety, for in Nye v. Cox, 440 P.2d 683 (Okl., 1968) we held:

" 'Those who make and keep the records for doctors and hospitals which are to be used professionally in the further care and treatment of the patient must undoubtedly be guided by the highest and purest motives of the medical profession. For this reason, hospital records may be accepted into evidence with the presumption of verity. . . . ' Moreover, the objection to admission of records on the basis that they contain hearsay evidence is not a valid objection. The rule is intended to be an exception to the rule against hearsay evidence."

We also note that Oklahoma has enacted the Uniform Preservation of Private Business Records Act, 67 O.S.1971, § 251 et seq., and although this Court has not interpreted same, it has been passed upon by the Supreme Court of New Jersey in Webber v. McCormick, 63 N.J.Super. 409, 164 A.2d 813 (1960), where that Court held:

"Under the Uniform Business Records As Evidence Act, a trial court has considerable discretionary power in determining whether the sources of information, method and time of preparation are such as to justify admission of hospital records in evidence, and its ruling should not be disturbed except where there is a manifest abuse of discretion.

\* \* \* \* \* \*

The purpose of the Uniform Business Records As Evidence Act is to eliminate the necessity of calling, qualifying and interrogating each person who makes individual entries in the regular course of a business.

Where X-ray reports of plaintiff, who brought an action for personal injuries sustained in an automobile accident, were part of a hospital's records, the qualifications of the technician who took the X-rays did not have to be proved before his report was admissible under the Uniform Business Records As Evidence Act."

See 40 Am.Jur.2d, Hospital and Asylums, § 42.

Having decided the hospital records were properly admitted into evidence in their entirety, we turn to the more involved second question originally noted.

When Plaintiff's expert witness (Dr. H) testified, he opined that the accident had caused Plaintiff's injury and that the resulting trauma aggravated a pre-existing condition. He testified Plaintiff was permanently and partially disabled as a result of the accident. Defendant's evidence in chief by his expert (Dr. F) was that there was no aggravation from the trauma of the accident and the disability, temporary in nature, was a result of the operation performed by Plaintiff's doctor for the correction of the congenital defect.

The evidence given by Defendant's doctor was brief: his qualifications, experience, history given him by Plaintiff, and

examination of Plaintiff. In review of the record we find, among other evidentiary matters, questions asked by the *Defendant* of his Dr. F reference a lack of muscle spasm. The lack of this condition had been testified to by *Plaintiff's* Dr. H in his evidence in chief. We note Defendant did not object to Dr. F's cross-examination by Plaintiff's attorney as to the surgical notes which were a part of the hospital records. Defendant also did not object to the use of his doctor's x-rays during cross-examination.

What is the legal significance of Defendant's failure to object to these questions?

 The Defendant suggests that the trial court committed reversible error in allowing cross-examination of his Dr. F regarding the surgical records and surgical procedures of Plaintiff's Dr. H. He suggests this cross-examination was beyond the scope of the direct examination. Defendant cites Shinn v. Francis, 404 P.2d 1017 (Okl., 1965) and Simon v. Hendricks, 330 P.2d 186 (Okl., 1958). We have carefully read these cases and do not find them supportive of his objection as to the scope of the cross-examination, for the reason that there are material differences as to the factual situations presented by the cited cases and the facts of the instant case.

In Lyday v. Holloway, 325 P.2d 432 (Okl., 1958) we stated:

"The extent of cross examination is largely in the discretion of the trial court, and, unless an abuse of that discretion is shown to the manifest injury of the complaining party, the case will not be reversed upon that ground."

Treating the Defendant's argument and brief as an attack on the trial court's abuse of discretion, we are of the opinion that he fails to show such abuse; for, when the Defendant examined his Dr. F as to statements made by Dr. H (lack of muscle spasm), and also when the Defendant allowed cross-examination of his Dr. F without objection, using part of the hospital records (surgical notes and x-rays), he has himself opened the door to cross-examination in all areas. Although Mussil v. Bizal, 384 P.2d 46 (Okl., 1963) finds the parties in different relative positions, we nonetheless stated therein the effect of opening an issue: (from the editorial syllabus)

"Permitting defendant's counsel to cross-examine plaintiff's physician witnesses as to whether plaintiff had given them history of prior complaints and or previous injury and sickness was not error, in view of fact that plaintiff's counsel on prior direct examination had opened subject of plaintiff's previous physical condition."

We conclude the important axiom is that the extent of cross-examination is left largely to the sound discretion of the trial court; and, in this case we fail to observe where the trial court has abused its discretion to the manifest injury of Defendant. See Harrell v. London, 129 Okl. 240, 264 P. 172 (1928) and Colley v. Sapp, 44 Okl. 16, 142 P. 989 (1914).

Review of the record indicates very little use of hypothetical questions in the cross-examination of Defendant's doctor. We cannot say, even though the questions may be somewhat argumentative and repetitive, that the trial techniques adopted by Plaintiff's attorney have confused the jury and are an abuse of discretion to the extent found in Falcon v. La Roche, 4 Ill.App.2d 112, 123 N.E.2d 587 (1954), and thus require reversal.

"In personal injury action, use, in examination of defendant's witnesses for purposes of impeaching plaintiff's witness, of hospital report, executed by plaintiff's medical witness and previously used in cross-examination of such witness, was improper, where such repetition and emphasis was likely to confuse jury."

 Finally, we are presented with the question as to whether or not the trial court properly allowed rebuttal evidence by Plaintiff's Dr. H after the Defendant had rested.

Defendant contends that the evidence on cross-examination of his Dr. F was admitted erroneously and that the Plaintiff's rebuttal was for the purpose of introducing new evidence not originally testified to by Dr. H. Defendant says such cross-examination was on a collateral issue as to the cause of Plaintiff's injury. He contends this evidence, being to a collateral issue, was binding upon the Plaintiff and that Dr. F's statement that the hospital notes showed an unremarkable condition as to the interspinous ligaments could not be rebutted. He cites 58 Am.Jur., Witnesses, § 784, and Montgomery v. Nance, 425 P.2d 470 (Okl., 1967).

We have decided that the evidence of Dr. F on cross-examination was not erroneously admitted and we now find that the evidence as to the ligaments was not a collateral one; for, Dr. H testified that the ligaments were damaged and torn and Dr. F had testified that the hospital notes revealed that the laboratory report showed the ligaments to be unremarkable. The evidence in rebuttal goes to the principal issue in the cause of action—aggravation of a pre-existing condition or the lack thereof.

We also hold that the trial court may exercise its discretion in permitting rebuttal testimony and that unless a clear abuse thereof is shown this Court will not reverse. See Baker v. Baker, 386 P.2d 753, 758 (Okl., 1963):

"It is to be remembered that the trial court has considerable latitude, in the exercise of a sound judicial discretion, in the following instances, to-wit: . . . (3), in permitting the introduction of rebuttal testimony (See Caughlin v. Sheets, 206 Okl. 283, 242 P.2d 724)."

See also Melton v. Schulte, 194 Okl. 639, 154 P.2d 90 (1944).

Judgment affirmed.

HODGES, V. C. J., and DAVISON, IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.