In re Application for **BINGO LICENSE OF NEW DAY TABERNACLE.**

**STATE of Oklahoma, ex rel. David MOSS, District Attorney, Appellant,**

v.

**NEW DAY TABERNACLE, Appellee.**

No. 72320.

Court of Appeals of Oklahoma, Division No. I.

Oct. 23, 1990.

David Moss, Dist. Atty., M. Denise Graham, Asst. Dist. Atty., Tulsa, for appellant.

Don E. Gasaway, Cindy P. McVey, Gasaway, Levinson & Bennett, P.A., Tulsa, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant State of Oklahoma, ex rel. David Moss, District Attorney, Tulsa County (Appellant or District Attorney), seeks review of the Trial Court's order denying District Attorney's protest and granting the application of Appellee New Day Tabernacle (Appellee or New Day) for renewal of New Day's bingo license. The Trial Court specifically held that the District Attorney had not met his burden of proof to sustain the protest. Herein, the District Attorney asserts error of the Trial Court in granting renewal of New Day's license (1) as contrary to the evidence demonstrating operation of New Day's bingo games in contravention of 21 O.S.Supp.1984 § 995.1a proscribing lease or assignment of bingo licenses, (2) for failure of New Day, a corporation, to have a registered agent to receive notices as required by 21 O.S.Supp. 1987 § 995.3 and 18 O.S.Supp.1986 § 1022, and (3) for refusal to allow admission of testimony establishing a common scheme or plan to violate 21 O.S.Supp.1984 § 995.1a.

The evidence adduced at hearing on the merits revealed that New Day, together with two other bingo licensees, apparently had an agreement with an entity referred

to as Jackpot Bingo for the conduct of bingo games, from the conduct of which New Day received approximately $400.00 per month, but which sum varied from time to time. Neither New Day nor its employees apparently participated in or controlled the day-to-day operations of the bingo games, but each of the three bingo licensees shared in the expenses of the operation. Although there had been a recent change in accounting methods, funds generated from bingo games under each of the three licenses had previously been deposited into a single account, apparently maintained by an entity known as Jackpot Concessions, on which the President and co-founder of New Day had no signatory privileges, from which expenses were paid.

▆ As to District Attorney's complaint concerning the sufficiency of New Day's application, we find no error requiring reversal. While clearly, the registered service agent of New Day Tabernacle, Inc. had died, and no other had been appointed in his stead under 18 O.S.Supp.1986 § 1022, 21 O.S.Supp.1987 § 995.3 requires only that the applicant "state the name and address of some person authorized to receive notice on behalf of said licensee." New Day denominated its corporate President and co-founder as that person, clearly a permissible person to receive service of suit under 12 O.S.Supp.1988 § 2004. Thus, and although New Day's application did not technically comply with all requisites of § 995.3, the Trial Court determined New Day's application to be in substantial compliance with the statutory requisites, a conclusion with which we tend to agree.

▆ As to District Attorney's complaint concerning the Trial Court's refusal to admit certain evidence of a scheme or plan to violate the law governing bingo operations, we also find no error. As a general proposition, the relevance and admission of evidence are matters addressed to the sound discretion of the Court, whose rulings thereon will not be disturbed absent a showing of abuse of discretion. 12 O.S.1981 §§ 2402, 2403; *Whitely v. OKC Corp.,* 719 F.2d 1051 (10th Cir.1983); *Cooper v. State,* 671 P.2d 1168 (Okl.Cr.1983);

*Samara v. State,* 398 P.2d 89 (Okl.1964), cert. den. and appeal dismissed, 381 U.S. 354, 85 S.Ct. 1556, 14 L.Ed.2d 681 (1965). In order to warrant appellate relief from the exclusion of evidence, the error arising therefrom must be manifest, and/or there must appear of record an offer of proof of what the questioned evidence tends to show. See, e.g., *Braden v. Hendricks,* 695 P.2d 1343 (Okl.1985); *Yeager v. Farmer,* 549 P.2d 345 (Okl.1976); *Beyer v. Beyer,* 390 P.2d 865 (Okl.1964). In the present case, we find no such offer of proof. Further, we find the District Attorney's protest does not set forth the allegation of "common scheme or plan" to violate the bingo laws with sufficient specificity so as to place New Day on notice of the "particular kind of misconduct which it is proposed to prove against" New Day. See also, *Wolfenbarger v. Hennessee,* 520 P.2d 809, 812 (Okl.1974) (in action for revocation of pawnbroker's license, complainant must definitely and explicitly set forth nature of charge and type of misconduct complained of). We hence decline to review the District Attorney's allegation of error concerning the exclusion of evidence.

▆ However, as to the District Attorney's attack on the Trial Court's ruling on the sufficiency of District Attorney's evidence, we find the Trial Court erred. District Attorney's evidence, in our opinion, clearly demonstrated a *de facto* lease or assignment of New Day's license to the entity known as Jackpot Bingo, and/or operation of bingo games under New Day's license by one other than New Day, for which compensation based on receipts was paid to New Day. Such operation of bingo games in violation of 21 O.S.Supp.1984 §§ 995.1, 995.1a and 995.7 would clearly stand as grounds, not only for revocation of a bingo license under 21 O.S.Supp.1984 § 995.5, but also for imposition of criminal penalties under 21 O.S.Supp.1984 § 995.15. By necessary implication, we hold that proof of violation of bingo laws justifying revocation of the bingo license under § 995.5, and/or imposition of criminal penalties under § 995.15, would also mandate non-renewal of the license on proper pro-

test thereof under § 995.3. This being so, in the present case, we find the District Attorney's evidence dictates refusal of New Day's application for renewal of New Day's bingo license.

Accordingly, the Trial Court's order granting renewal of New Day's bingo license is REVERSED.

ADAMS, P.J., and MacGUIGAN, J., concur.