Steven E. BREED, Appellee,

v.

FEDERAL MOVING & STORAGE, INC., Appellant.

No. 77100.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 22, 1992.

Juliet N. Brennan, Bonds, Matthews, Bonds & Hayes, Muskogee, for appellee.

Eric B. Bolusky, Crawford, Crowe & Bainbridge, P.A., Tulsa, for appellant.

BRIGHTMIRE, Judge.

The question for review in this small claims case against a moving company is whether the trial court erred when it ruled in favor of the plaintiff. We hold it did not, and affirm the judgment as modified.

I

Plaintiff Steven E. Breed initiated small claims proceedings December 19, 1990, alleging he had suffered $850 in damages as a result of "damaged & stolen goods during move that [the defendant] refuses to pay for." Judgment was entered in favor of Breed January 16, 1991.

The defendant, Federal Moving & Storage, Inc., filed its petition in error February 15, 1991, and on February 26, 1991, it prepared, signed and filed a "Narrative Statement of Trail [sic] Proceedings" with the clerk of the appellate courts, but not with the trial court. The trial court record designated for this appeal—Breed's December affidavit and the January judgment—was certified by the Tulsa County Court Clerk through August 8, 1991.

In an opinion issued September 22, 1992, this court affirmed the appealed decision and held that because Federal's narrative statement violated Civil Appellate Procedure Rule 1.22, 12 O.S.1991, Ch. 15, App. 2, it had failed to present a legally acceptable and properly authenticated record of the trial court proceedings in support of its propositions of trial court error.

On October 12, 1992, Federal filed its petition for rehearing contending that this court had "overlooked" an amended designation of record filed August 9, 1991, to supplement the appellate record with a joint narrative statement prepared by the parties and signed by the trial judge. The court clerk's error in failing to supplement the appellate record past the original certificate of completion has been cured, the joint statement is now a part of the appellate record and rehearing was granted November 6, 1992.

II

Federal first contends the trial court erroneously excluded relevant evidence [1]—a bill of lading said to limit Federal's liability to acts of negligence.

■ We disagree. According to the joint narrative statement, when Federal "was not allowed to enter the terms of the bill of lading" into evidence, it did not object or present an oral offer of proof to include the allegedly relevant provisions in the record. As a result, the appellate record is devoid of reviewable evidence supportive of Federal's allegation that the excluded evidence was relevant.[2] Under such circumstances,

---

1. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 12 O.S.1991 § 2401.

2. In its brief Federal quotes the allegedly relevant terms of the bill of lading. This constitutes an impermissible attempt to supplement the appellate record. *See Chamberlain v. Chamberlain*, 720 P.2d 721 (Okl.1986); Supreme Court Rules 18 and 19, 12 O.S.1991, Ch. 15, App. 1.

"[t]his court cannot review alleged errors of the trial court in refusing admission of certain proffered evidence, unless such evidence, or the substance thereof, be in some proper manner incorporated in the case made, thereby enabling this court to determine whether or not there was error in its exclusion." *Andrews v. Liberty Nat. B. & T. Co. of Oklahoma City,* 463 P.2d 953, 956 (Okl.1969) (quoting *Irwin v. Irwin,* 416 P.2d 853 (Okl.1966)).

Federal's first proposition of error is without merit.

## II

■ Federal next contends that Breed failed to carry his burden of proof to show that Federal's employees were responsible for Breed's loss.[3] The argument is that Breed's "suspicion" that Federal's employees took the missing items "is based solely on the fact that [Federal's] employees were there"—an allegedly critical failure of proof.

■ This is not correct. And the reason is that Federal relies on rules pertaining to circumstantial evidence applicable in criminal cases which differ significantly from the rule applied in civil cases. In a criminal case based solely on circumstantial evidence, the evidence "must exclude every reasonable hypothesis *except* that of guilt to be sufficient." *Johnson v. State,* 764 P.2d 530 (Okl.Cr.1988) (emphasis added). But, in a civil case such as we have here, circumstantial evidence need not rise to such a degree of certainty. *American Fertilizer Specialists, Inc. v. Wood,* 635 P.2d 592 (Okl.1981). Such evidence, though, does have to "have sufficient probative value to constitute the basis for a legal inference rather than mere speculation, and the circumstances proved must lead to the conclusion with reasonable certainty and probability." *Downs v. Longfellow,* 351 P.2d 999, 1005 (Okl.1960). As the court said in *Littlefield v. Roberts,* 448 P.2d 851, 856 (Okl.1968):

"In cases of equitable cognizance, the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are clearly against the weight of the evidence. *The findings of a district court ... will not be disturbed on appeal simply because there is a conflict in the testimony, or for the reason that it is possible to draw another conclusion from the evidence."* *(Emphasis added.)*

■ We have reviewed the joint narrative statement and hold that the trial court's findings are not clearly contrary to the weight of the evidence. The judgment, however, does appear to exceed the amount of damages Breed is entitled to recover under the evidence. In his December 19, 1990, affidavit Breed sought $850—$665 for stolen goods and $185 for damaged goods. He obtained judgment for the full amount. It is undisputed, however, that on December 10, 1990, Federal sent Breed "a check for $185.00 to cover the damage caused to [Breed's] goods during the move." This amount should have been deducted from the $850 awarded to Breed.

On the other hand, it should be noted that the narrative statement shows that Breed, in support of his contention that the contract of insurance he purchased from Federal was the controlling relevant evidence, presented the court with *"testimony and evidence* that [he] had purchased an insurance contract from [Federal] which insured against loss of property involved in the move by theft, damage, or property missing after the completion of the move." (Emphasis added.)

3. Federal also contends that Breed failed to carry his burden of proof to establish Federal as a "qualified insurer of all goods delivered to it" under the provisions of Oklahoma's common carrier statutes, 13 O.S.1991 §§ 1 through 204. Such allegation was not preserved in the petition in error and therefore cannot be considered on appeal. *Barber v. Flynn,* 628 P.2d 1151 (Okl.1980).

### III

The judgment is therefore modified to $665 and otherwise affirmed.

Affirmed as modified.

RAPP, P.J., concurs.

REIF, J., concurs in result.