1998 OK CIV APP 148

**Leah J. MARTIN, Plaintiff/Appellant,**

v.

**A.C.G., INC., d/b/a TAN & TONE AMERICA, Defendant/Appellee.**

No. 90787.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 5, 1998.

Certiorari Denied Sept. 29, 1998.

Joseph C. Schubert, Robert Lee Rainey, Oklahoma City, for Plaintiff/Appellant.

Frank Austin, Oklahoma City, for Defendant/Appellee.

## OPINION

GARRETT, Judge:

¶1 Appellant, Leah J. Martin, sued Appellee, A.C.G. d/b/a Tan & Tone America, for damages resulting from an injury to her hand while she was using an exercise machine at a health club operated by A.C.G. This is the second appeal in this case. In the first appeal [case number 88,734], the judgment was reversed and the case remanded because the trial court had improperly granted summary judgment. After the first appeal, Martin sought a writ of prohibition against the trial court. See case number 90,760 wherein the application to assume original jurisdiction was denied. In this appeal, case number 90,787, Martin seeks reversal of the order of the trial court sustaining A.C.G.'s motion for summary judgment.

¶2 A.C.G.'s motion contained evidentiary materials which showed Martin had signed a contract approximately eight days prior to the accident which contained an exculpatory clause releasing A.C.G. from any and all liability resulting from her use of the facility and assuming all risks in connection therewith, including known and unknown risks. The court found Schmidt v. U.S., 1996 OK 29, 912 P.2d 871, to be controlling and entered judgment for A.C.G.

¶3 Martin appeals and contends: issues of material fact were in dispute regarding the validity and enforceability of the exculpatory clause which precluded summary judgment. Specifically, Martin contends that while she did sign the contract containing the exculpatory clause, there was disparity in their bargaining positions, an injury to public health and morals, a violation of public policy and willful misconduct or gross negligence. She contends Appellee was guilty of wilful or wanton gross negligence because one of Appellee's employees had been injured on the machine prior to Martin's injury and Appellee did not take steps to prevent future injuries. Martin contends summary judgment was improper because there was a disputed material fact as to whether Appellee had notified her of the presence and effect of the exculpatory clause.

¶4 In Schmidt v. U.S., supra, the Court answered a certified question for the federal court: "Whether, under Oklahoma law, a contractual exculpatory clause for personal injury is valid and enforceable?" The Oklahoma Supreme Court answered in the affirmative. However, in answering the question the Court stated:

By entering into an exculpatory agreement of the type dealt with here the promisor assumes the risks that are waived. While these exculpatory promise-based obligations are generally enforceable, they are distasteful to the law. For a validity test the exculpatory clause must pass a gauntlet of judicially-crafted hurdles: (1) their language must evidence a clear and unambiguous intent to exonerate the would-be defendant from liability for the sought-to-be-recovered damages; (2) at the time the contract (containing the clause) was executed there must have been no vast difference in bargaining power between the parties; and (3) enforcement of these clauses must never (a) be injurious to public health, public morals or confidence in administration of the law or (b) so undermine the security of individual rights vis-a-vis personal safety or private property as to violate public policy.

The clause will never avail to relieve a party from liability for intentional, willful or fraudulent acts or gross, wanton negligence. (Footnotes omitted).

¶5 First we look to the language of the contract to determine whether it evidenced a clear and unambiguous intent to exonerate Appellee from liability and determine that it does. We also determine Martin was aware of the clause when she signed the contract. The evidentiary materials attached to the motion for summary judgment contain the following:

Q: [Appellee's attorney] Why don't you just go ahead and read number 8's paragraph?

A: [Martin] "I hereby release this salon from any and all liability resulting from my use of the facility and assume all risks in connection therewith including known and unknown risks."

Q: And when you signed a copy of what has been marked as Defendant's Exhibit 8, you read the paragraph, did you not?

A: Yes, sir.

Q: You understood what it meant.

A: Yes, sir.

Q: And did you have any questions about that from any of the personnel there at the time?

A: No.

¶6 Next, we hold Martin was on equal footing with Appellee when the contract was executed, and there was no issue as to whether the exculpatory clause violates public policy. There is no compelling need that an individual use or be a member of a particular "health club" such was the one operated by Appellee. There was no unchecked power held by Appellee. If an individual is aware of an exculpatory clause in the proposed contract and is unwilling to agree to such a clause in a contract with a health club, the individual may go elsewhere or is free to abandon health clubs in general. There is no clear mandate of public policy as articulated by constitutional, statutory or decisional law which shows this to be a threat to the public policy.

¶7 Martin contends the exculpatory clause is an assumption of the risk question which this Court has previously said is not available for summary judgment. The first appeal was reversed due to the constitutional requirement that the factual issue of assumption of the risk be determined by a jury. The Court did not decide the issue as to the enforceability of the exculpatory clause in the contract. This time the case was decided on the unambiguous contractual agreement between the parties. Determining the construction of an unambiguous contract is a matter of law for the court. *First Nat'l Bank and Trust Co. of Vinita v. Kissee*, 1993 OK 96, 859 P.2d 502. We see no error.

¶8 Martin contends the court erred in sustaining Appellee's motion for summary judgment because it was precluded by Appellee's gross, willful and wanton negligence, i.e., Appellee's knowledge of, and failure to correct conditions causing a prior accident on the machine Martin was using when injured. Martin contends that such alleged gross, willful and wanton negligence precludes application of the exculpatory clause. There were no evidentiary materials presented which showed the cause of the prior accident or that the injury could have been prevented. The statutory definition of gross negligence is "want of slight care and diligence." 25 O.S.1991 § 6. Under Oklahoma law, "gross negligence" requires intentional failure to perform manifest duty in reckless disregard of consequences or in callous indifference to life, liberty, or property of another. Thus, a claim of gross negligence is the same as any negligence claim, differing only as to degree. *NMP Corp. v. Parametric Technology Corp.*, 958 F.Supp. 1536 (N.D.Okla.1997). There was no evidence showing negligence, and no reversible error as alleged.

¶9 AFFIRMED.

JOPLIN, P.J., and JONES, V.C.J., concur.