2009 OK CIV APP 57

**C–P INTEGRATED SERVICES, INC.,**
an Oklahoma corporation,
**Plaintiff/Appellee,**

v.

**MUSKOGEE CITY–COUNTY PORT AUTHORITY, a public trust,**
**Defendant/Appellant,**

**URS/Dames & Moore, Inc., a foreign corporation, Defendant,**

and

**URS/Dames & Moore, Inc., a Nevada corporation, Defendant/Third–Party Plaintiff,**

v.

**McIntosh Engineering, P.C.,**
an Oklahoma corporation,
**Third–Party Defendant.**

**No. 104,874.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 20, 2009.

Rehearing Denied April 24, 2009.

Certiorari Denied June 15, 2009.

---

John H. Tucker, Daniel D. Draper, III, Rhodes, Hieronymus, Jones, Tucker & Gable, P.L.L.C., Tulsa, OK, for Appellant.

Robert L. Magrini, Marvin Laws, Hayes, Magrini & Gatewood, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant Muskogee City–County Port Authority, a public trust (MPA), seeks review of the trial court's orders granting judgment on a jury verdict, pre-judgment interest, costs and attorney's fees to Plaintiff/Appellee C–P Integrated Services, Inc., an Oklahoma corporation (CPI). In this appeal, MPA challenges validity of the judgment on the merits for improper venue and abuse of discretion by the trial court in excluding testimony. MPA also challenges the trial court's post-judgment order granting pre-judgment interest, costs and attorney's fees as affected by errors of both law and fact.

¶ 2 MPA is a public trust located in Muskogee County. CPI is an Oklahoma corporation with its principal place of business located in Oklahoma City. In March 2003, MPA contracted with CPI for CPI's construction of the Three Forks Harbor marina in Muskogee County. The construction contract called for, inter alia, CPI's completion of construction in a workmanlike manner by November 17, 2004, and payment of all subcontractors.

¶ 3 According to MPA, however, CPI failed to properly, timely complete construction or pay subcontractors. MPA terminated CPI's right to proceed on or about June 8, 2005.[1]

¶ 4 On June 15, 2005, CPI commenced the instant action in the District Court of Tulsa County, Oklahoma, against MPA for breach of contract, and the project engineer, Defendant URS/Dames & Moore, Inc., a foreign corporation, for breach of contract and negligence. Within twenty days, MPA filed a motion to dismiss, challenging venue in Tulsa County as improper, and asserted another action pending between the same parties in the District Court of Muskogee County, Oklahoma.

¶ 5 MPA withdrew this motion, and filed a Motion for Change of Venue. MPA conceded "[v]enue is technically proper in Tulsa County ... under 12 O.S.2001 § 139, since a defendant has an office in each county," but asserted that "Muskogee County would be a more convenient forum," and sought transfer of the case to Muskogee County pursuant to the doctrine of intrastate *forum non conveniens.* CPI responded, arguing that venue properly lay in either Tulsa County or Muskogee County, and its choice of venue should not be disturbed.

¶ 6 Finding "that all parties concede that Tulsa County is a proper place of venue and there is no compelling reason to change CPI's statutorily-authorized choice of venue for this case," the trial court denied MPA's motion to change venue. MPA dismissed its Muskogee County action, and, in this case, asserted counter-claims against CPI, seeking damages for breach of contract, as well as cross-claims against the project engineer, Defendant URS, and the project engineer's subcontractor, Third–Party Defendant McIntosh Engineering, P.C., praying for an award of damages and/or indemnity from liability to CPI, if any.

¶ 7 The parties sought and obtained several extensions of the discovery deadline set by pre-trial order. The trial court ultimately scheduled jury trial for June 2007.

---

1. MPA ultimately completed construction in April 2006.

¶8 On or about May 1, 2007, MPA designated its expert to testify concerning the construction schedule, the cause for delay and "earthwork issues." On May 11, CPI filed a motion to strike any testimony of MPA's expert on account of his eleventh-hour designation and the lack of his deposition. On May 18, the trial court denied CPI's motion to strike the testimony of MPA's expert.

¶9 Between June 4 and 8, 2007, the parties presented their evidence and testimony of seven witnesses to the jury.[2] MPA called its expert, and CPI objected. The trial court ruled MPA's expert would not be allowed to testify concerning any matters outside the scope of the testimony of CPI's expert.

¶10 MPA then sought to elicit its expert's testimony concerning project scheduling and the cause of delays, to which CPI objected as outside the scope of its expert's testimony, confined to the "earthwork issues." The trial court sustained the objection, and MPA rested.

¶11 Upon instruction and consideration of the evidence, the jury returned its verdict for CPI on its contract claim, for CPI on MPA's breach of contract counter-claim, and awarded CPI damages in the amount of $381,508.59. On CPI's post-judgment application, the trial court awarded CPI expert witness fees ($12,930.00) as costs, eighteen percent (18%) pre-judgment interest ($85,848.68), and prevailing party attorney's fees ($249,992.00).

## I. Venue

¶12 In its first proposition, MPA again challenges venue as improper, arguing 12 O.S. § 133(2) required that CPI prosecute its claims in Muskogee County. CPI responds, arguing MPA waived its objections to venue.

¶13 Section 133(2), 12 O.S., clearly requires prosecution of "[a]n action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties" "in the county where the cause, or some part thereof arose." The Oklahoma Supreme Court has consistently construed § 133(2) as requiring prosecution of a claim against a public entity in its home county. See, e.g., State ex rel. Dept. of Mental Health and Substance Abuse Services v. Freedom Ranch, Inc., 1998 OK 116, ¶4, 970 P.2d 181, 182.

¶14 However, § 133(2) "confers a privilege ... which ... may [be] waive[d]." Rich v. Reynolds, 1954 OK 348, ¶——, 277 P.2d 985, 987–988. Further, "[a] party waives a venue objection if that party has sought affirmative relief from the court." In the Matter of the Adoption of Baby Girl L., 2002 OK 9, ¶44, 51 P.3d 544, 560.

¶15 In the present case, the record shows MPA challenged Tulsa County venue only as inconvenient, and did not raise § 133(2) before the trial court. The Journal Entry memorializing denial of its Motion for Change of Venue recites MPA's concession "that Tulsa County is a proper place of venue." After denial of its challenges to venue, MPA asserted cross- and counter-claims for affirmative relief in this action. Under these circumstances, MPA waived the § 133(2) privilege to demand suit against it in its home county.

¶16 Furthermore, a change of venue and transfer pursuant to the doctrine of intrastate forum non conveniens depends on consideration of various factors, including whether the action is transitory or local, whether venue properly lies in more than one county, and the presence or absence of witnesses in the chosen forum, weighed against the right of a defendant to be sued where he lives. See, e.g., Chapman v. Parr, 1974 OK 46, ¶11, 521 P.2d 799, 800; Gulf Oil Co. v. Woodson, 1972 OK 164, ¶¶20–22, 505 P.2d 484, 489–490. And, "[a] petition or motion for applying the rule of forum non conveniens is addressed to the broad equity powers of the trial court." Gulf Oil Co., 1972 OK 164, ¶23, 505 P.2d at 490.

¶17 In the present case, MPA is located in Muskogee County, where some of its witnesses lived, and the contract required CPI's performance in Muskogee County. CPI is located in Oklahoma City, some of its witnesses lived in Muskogee County, and its

---

**2.** Shortly before trial, CPI settled with Defendant URS.

expert lived out of state. CPI commenced the instant action in Tulsa County, the parties conceded venue was proper in Tulsa County, and CPI's choice of venue is ordinarily entitled to great deference. *See, e.g., Stevens v. Blevins*, 1995 OK 6, ¶ 6, 890 P.2d 936, 938–939; *Safeway Stores, Inc. v. Martin*, 1974 OK 149, ¶ 9, 530 P.2d 131, 133; *Gulf Oil Co.*, 1972 OK 164, ¶ 20, 505 P.2d at 489.

¶ 18 An order for transfer from one venue to another will almost always inconvenience someone. *Safeway Stores, Inc.*, 1974 OK 149, ¶ 10, 530 P.2d at 133. Under the circumstances of this case, we cannot say the trial court abused its discretion in denying MPA's Motion for Change of Venue for *intrastate forum nonconveniens*.

## II. Exclusion of Testimony

¶ 19 In its second proposition, MPA challenges the trial court's ruling to limit the scope of its expert's testimony. In this proposition, MPA complains the trial court's ruling effectively prevented it from presenting evidence crucial to its defense of CPI's main claim, and its right to recover on its counterclaim.

¶ 20 "All relevant evidence is admissible," and "[e]vidence which is not relevant is not admissible." 12 O.S. § 2402. "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise." 12 O.S. § 2702.

¶ 21 "[T]he clear abuse of discretion appellate standard applies when we review a decision on the admissibility of expert testimony." *Christian v. Gray*, 2003 OK 10, ¶ 42, 65 P.3d 591, 608. The trial court's orders limiting the scope of argument or a witness's testimony will not be disturbed unless affected by an abuse of discretion. *See, e.g., Harwick v. Dye*, 1999 OK 8, ¶ 5, 975 P.2d 453, 456; *Cities Service Co. v. Gulf Oil Corp.*, 1999 OK 14, ¶ 43, 980 P.2d 116, 136; *Swyden v. Killiam*, 1975 OK 12, ¶¶ 13–14, 531 P.2d 1031, 1034.

¶ 22 Further, "[t]o reverse a jury verdict based upon the exclusion of evidence, there must be a showing that such exclusion resulted in a miscarriage of justice or constituted a substantial violation of the appellant's rights." *Jordan v. Cates*, 1997 OK 9, ¶ 17, 935 P.2d 289, 293. And, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and ... [i]f the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked." 12 O.S. § 2104(A)(2). *See also, e.g., Braden v. Hendricks*, 1985 OK 14, ¶ 9, 695 P.2d 1343, 1349; *Andrews v. Liberty Nat'l. Bank & Trust of Oklahoma City*, 1969 OK 97, ¶ 9, 463 P.2d 953, 956; *Beyer v. Beyer*, 1964 OK 64, ¶ 7, 390 P.2d 865, 866.

¶ 23 In the present case, MPA did not endorse its expert witness until shortly before trial, and CPI suggests that MPA had selected its expert long before when there was sufficient time to obtain his pre-trial deposition. Under this circumstance, we hold the trial court possessed the discretion to limit the scope of MPA's expert's testimony to rebuttal of matters addressed by CPI's expert.

¶ 24 Further, and beyond the general statement of the expert's proposed testimony as relating to the issues of project scheduling and the cause(s) for the construction delays, MPA made no offer of proof concerning the substance of the excluded testimony, and we are hence unable to assay the validity of this proposition or error. Under these circumstances, we cannot say the trial court abused its discretion in limiting the scope of MPA's expert's testimony.

## III. Costs, Pre–Judgment Interest and Attorney's Fees

¶ 25 In its third proposition, MPA challenges the trial court's post-judgment order granting pre-judgment interest, expert witness fees, and attorney's fees to CPI. On the issue of pre-judgment interest, MPA complains that, because the amount of CPI's claim was uncertain, the trial court should not have granted pre-judgment interest. On

the issue of expert witness fees, MPA complains that there is no authority, statutory or otherwise, permitting an award for trial-related expert witness fees. On the issue of attorney's fees, MPA complains that a portion of CPI's claimed fees were generated in pursuit of its tort claim against URS, and the trial court should have only awarded CPI attorney's fees directly related to pursuit of its contract claim.

### A. Pre–Judgment Interest

¶ 26 "Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." 23 O.S. § 6. "Damages are certain within the meaning of § 6 if they *are liquidated or capable of ascertainment before judgment through calculation by resort to well-established market values.*" *Taylor v. State Farm Fire and Cas. Co.,* 1999 OK 44, ¶ 17, 981 P.2d 1253, 1261. (Emphasis original.) (Footnote omitted.) "Damages are not certain where their calculation is left to the best judgment of the fact-finder or if conflicting evidence must be weighed to determine the precise amount of damages due." *Taylor,* 1999 OK 44, ¶ 17, 981 P.2d at 1261, fn. 45. (Citations omitted.)

¶ 27 In the present case, the parties stipulated that there remained a balance due under the contract of $238,140.24, and the trial court granted CPI pre-judgment interest on this amount at the interest rate specified by the parties' contract. The balance due under the contract was certain or capable of ascertainment. The trial court did not err in granting pre-judgment interest on the stipulated sum due under the contract.

### B. Expert Witness Fees

¶ 28 Oklahoma law does not ordinarily permit recovery of expert witness fees as "costs." *Atwood v. Atwood,* 2001 OK CIV APP 48, ¶ 57, 25 P.3d 936, 949; *Sloan v. Owen,* 1977 OK 239, ¶ 9, 579 P.2d 812, 814. While § 3226(B)(3)(a)(1) of title 12, O.S.,

certainly permits a party to depose an opponent's expert, and § 3226(B)(3)(c)(1) certainly "require[s] that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery," *only* those fees *required to be paid* to the opponent's expert by § 3226(B)(3)(c)(1) are recoverable as costs. *Atchley v. Hewes,* 1998 OK CIV APP 143, ¶ 10, 965 P.2d 1012, 1013. The provisions of § 3236(B)(3) do not authorize the recovery of one's own expert witness fees as costs. *Dulan v. Johnston,* 1984 OK 44, ¶¶ ——, 687 P.2d 1045, 1048–1049.

¶ 29 In the present case, CPI apparently presented its expert for deposition by agreement, but the record reflects no payment of § 3236(B)(3)(c)(1) compensation to CPI's expert for the time he spent in responding to discovery, and § 3236(B)(3)(c)(1) does not authorize taxation of CPI's own expert witness fees as costs. The trial court erred in awarding such fees to CPI, and that part of the trial court's order must be reversed.

### C. Attorney's Fees

¶ 30 "Oklahoma follows the American Rule as to the recovery of attorney fees." *State ex rel. Tal v. City of Oklahoma City,* 2002 OK 97, ¶ 16, 61 P.3d 234, 243. (Citation omitted.) "The Rule is generally that each litigant pays for their own legal representation and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery." *Id.* "In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." 12 O.S. § 936.

¶ 31 In the present case, MPA does not dispute CPI's entitlement to an award of prevailing party attorney's fees under § 936. Rather, MPA argues that not all of CPI's

claimed fees are attributable to the successful prosecution of its breach of contract claim, and that, to the extent a portion of its claimed fees relate to the prosecution of its tort claims against URS, CPI is not entitled to recover those fees as a § 936 prevailing party. So, says MPA, the trial court erred in awarding CPI over ninety-eight percent (98%) of its claimed fees, and should have apportioned and reduced CPI's attorney's fee claim by an amount attributable to prosecution of the tort claim.

¶ 32 Certainly, § 936 does not authorize an award of prevailing party attorney's fees for the successful prosecution or defense of tort claims. *See, e.g., Olansen v. Texaco Inc.,* 1978 OK 139, ¶ 47, 587 P.2d 976, 988. Furthermore, the trial court is clearly empowered to reduce an award of prevailing party attorney's fees "where the legal services were performed partly in an action in which attorney fees were recoverable and partly in a matter in which such fees are not allowable." *Sisney v. Smalley,* 1984 OK 70, ¶¶ 22–23, 690 P.2d 1048, 1052; *RJB Gas Pipeline Co. v. Colorado Interstate Gas Co.,* 1989 OK CIV APP 100, ¶ 68, 813 P.2d 1, 14. *See also, Olansen,* 1978 OK 139, ¶¶ 48–49, 587 P.2d at 988.

¶ 33 In the present case, CPI adduced evidence demonstrating the investment by three attorneys of almost one thousand two hundred (1,200) hours at rates between one-hundred-fifty and two-hundred-fifty dollars ($150.00–$250.00) per hour for a total of $249,812.00 in legal fees, and it is clear from CPI's itemization that a substantial part of the claimed hours were devoted to the prosecution and defense of the competing breach of contract claims, for which § 936 surely permits an award of prevailing party attorney's fees.

¶ 34 It is equally clear that some of the legal fees were incurred in the prosecution of CPI's contract and tort claims against URS, the project engineer, with whom CPI settled prior to trial. CPI's expert testified the effort devoted to the issues of URS's negligence was necessary to obtain the judgment against MPA. *See, Transpower Constructors v. Grand River Dam Authority,* 905 F.2d 1413, 1422–23 (10th Cir.(Okla.) 1990). The trial court reduced CPI's attorney's fee claim for an amount attributable to prosecution of its tort claims against URS, and, having reviewed the record, we cannot say the trial court abused its discretion in determining the amount of attorney's fees awarded to CPI.

¶ 35 The orders of the trial court denying a change of venue and limiting the testimony of MPA's expert are AFFIRMED. That part of the trial court's post-judgment order granting pre-judgment interest and attorney's fees is also AFFIRMED. That part of the trial court's post-judgment order granting expert witness fees as costs is REVERSED.

MITCHELL, C.J., and HANSEN, P.J., concur.